tween the plaintiff and the defendant, and heard what the defendant said.

The court thereupon denied the motion to vacate the judgment. It is recited in the order that the—

"motion made in open court that the testimony of the process server be taken, and that said process server identify the man whom he served with the summons herein, and that the testimony of the defendant herein be also taken as to such purported service, be and the same is hereby denied."

[1, 2] The appellant asks for a reversal, upon the ground that the court below erred in denying this motion and in refusing to permit a hearing upon the issue of service. Under the former Municipal Court Act, the only way of determining whether or not a defendant had been served with a summons was by a trial of the issue raised by a traverse of the return, and it could not be determined upon a motion alone, and that is the tenor of all the cases cited by the appellant in this case. That practice, however, has been changed by the Municipal Court Code. Section 129, subd. 1, provides that:

"Upon proof by affidavit or otherwise that a judgment has been taken or a final order made without service of summons or process, the judgment or final order must be vacated and set aside by the court in the district where it was entered."

It will be seen that the court below may now determine the question of service of process "by affidavit or otherwise," which means that the court may take oral testimony of the witnesses offered by either party, or it may decide the question upon affidavits. In a case where the affidavits are conflicting, and apparently of equal weight, an oral examination may be desirable, and the best method to determine the question, and no doubt this court could in such a case, upon appeal, order such a hearing to be had, if one was denied by the lower court; but the right to decide the matter upon affidavits is unquestionable, and there is no reason in this case for disturbing the decision.

Order affirmed, with $10 costs. All concur.

(173 App. Div. 268)

## WHALEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   June 2, 1916.)

1. COMMERCE ☞27—"INTERSTATE COMMERCE."
    A car loaded with freight consigned to various points outside the state, being switched within the state, was being used in "interstate commerce."

    [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.

    For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. APPEAL AND ERROR ☞882(12)—INVITED ERROR—REQUEST.
    Where defendant requested and was given a charge inconsistent with another charge, it could not complain of any confusion on the part of the jury, produced by its seemingly deliberate act in requesting the charge.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602; Dec. Dig. ☞882(12).]

Appeal from Trial Term, Westchester County.

Action by Mary Whalen, as administratrix, etc., of Patrick F. Whalen, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Judgment and order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

John F. Brennan, of Yonkers, for appellant.
Humphrey J. Lynch, of White Plains, for respondent.

PER CURIAM. [1] This court is of opinion that the judgment and order in this case should not be reversed on the appellant's claim that the verdict rendered by the jury was in opposition to the charge of the trial court at folio 383. The specific instruction, there appearing, was made at the defendant's request. There was no controversy in the proofs that the train which was being switched by the decedent at the time of the accident was composed of freight cars, none of which was to go beyond Buffalo; that is, beyond this state. If it was intended by the trial court to charge the jury that no liability could attach to the defendant on the ground that it was engaged in interstate commerce, unless some car in the train was "going beyond Buffalo," such an instruction would have been equivalent, as the proofs stood, to a direction of a verdict. It is evident that the trial court had no such intention, for it would have been most obvious error to have instructed the jury to that effect under the proofs in the case. The plaintiff had set out to prove that the train then being switched had a car that was filled with freight, taken on at the Fleischmann yard, which was consigned to various points outside this state. This car was referred to generally in the testimony as the "Soo car," or the "Ferry car," or car "No. 17,212." That car, because of the destination of its contents, was being used at that time in interstate commerce.

[2] The counsel for the defendant introduced into the case whatever confusion may have been caused, if any existed in the minds of the jurors, for he specifically requested the trial court, at folio 379, to charge as follows:

"I ask your honor to charge that at the time of the happening of the accident the car known as the Soo car, No. 17,212, was being transferred by this locomotive and by Whalen to this east side switch."

And on this request the court so charged. If this was a proper charge, and the defendant, having requested it, is now estopped from questioning its propriety, the defendant cannot now complain.

The judgment and order should be affirmed, with costs.