ANNA SCHWARTZ et al., Individually and as Administratrices of the Estate of JACOB SCHWARTZ, Deceased, Respondents, v. BYRON W. LUTHER, Appellant.— Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. To the extent of the undertaking heretofore filed, a stay is granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See *ante,* p. 694.]

SOUTHOLD SAVINGS BANK, Appellant, v. A. EDWARD FISHER, Respondent.— Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See *ante,* p. 748.]

ALASKA CHEMICAL CORPORATION, Respondent, v. SAMUEL APPELBAUM et al., Copartners Doing Business under the Name of APPELBAUM & KALKIN, Appellants.— Order granting in part appellants' motion for an examination before trial modified on the facts by inserting after item 1 in the first ordering paragraph the following: " 2. All the relevant and competent facts and circumstances concerning the receipt of the skins by plaintiff, Alaska Chemical Corporation, and their return to defendants, and the condition of the skins at those times." As thus modified, the order insofar as appealed from is affirmed, without costs, the examination to proceed on five days' notice. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

FRANCIS CAMMISA, Respondent, v. ZONE OIL TRUCKING CORP. et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from a judgment in favor of plaintiff, entered upon the verdict of the jury. Plaintiff, an employee of the Paragon Oil Company, suffered serious injuries when a boom, attached to a crane truck, fell upon him. The crane and truck were owned by defendant Zone Oil Trucking Corp., and, at the time of the accident, were operated by the individual defendant Maffetone. The boom fell when the operator found it necessary to lower it so that it would pass under a crossbeam which extended over a gateway leading from the yard where the work was being done. At that time plaintiff was standing sixteen or eighteen feet to the rear of the truck and to the side of the boom. The refusal of the court to submit to the jury the question of whether or not Maffetone was generally a coemployee of plaintiff was correct. (*Wyllie et al.* v. *Palmer et al.,* 137 N. Y. 248, 257; *Charles* v. *Barrett,* 233 N. Y. 127; *Irwin* v. *Klein,* 271 N. Y. 477, 485; *Ramsey* v. *New York Central R. R. Co.,* 269 N. Y. 219.) Nor may appellants now urge that the granting of their request to charge at folio 821 was erroneous. Even placing upon the charge the construction contended for by appellants, having made the request, they are estopped from questioning the propriety of it on appeal. (*Whalen* v. *New York Central & H. R. R. R. Co.,* 173 App. Div. 268.) Judgment unanimously affirmed, with costs. Present — Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ.