Margaret GARDNER and D. H. Gardner,
Plaintiffs,

v.

DARLING STORES CORPORATION,
Defendant.

United States District Court
S. D. New York.
Jan. 18, 1956.

Dammann, Roche & Goldberg, New York City, Allen Blank, New York City, of counsel, for plaintiffs.

Eugene Frederick Roth, New York City, for defendant.

DAWSON, District Judge.

This is a motion by the defendant to correct the judgment entered herein by eliminating therefrom the amount of interest which was added to the amount of the verdict rendered by the jury.

The motion grows out of the following state of facts:

The attorney for the defendant, at the conclusion of the presentation of evidence, and before summations, filed with the Court requested instructions to be given by the Court to the jury. He asked the Court to instruct the jury that any judgment which the plaintiff would recover would carry interest at 6%.[1]

The plaintiff requested a similar instruction to the effect that the plaintiff was entitled to interest on the verdict from the date of the breach. The at-

---

1. The written requests to charge submitted by the defendant requested the following charge: "Any recovery which the plaintiff Margaret Gardner is allowed herein will carry damages (Sic) at 6% from July 1, 1947."

torneys agreed, in conference with the Court, that the actual computation of interest would be made by the Court rather than left to the jury. The Court, therefore, charged the jury as follows:

"Now any award of damages which you may make in this case will bear interest from July 31, 1947. Both parties have sought a charge to this effect, and I so charge the jury. By stipulation of counsel, however, the computation of the amount of such interest, if any is to be payable, will be made by the Court.

"Therefore, you will not have to compute the amount of such interest but you should understand that if you do award damages, interest at the rate of 6 per cent per annum from July 31, 1947 will be added to the amount of damages found by you and the computation will be made by the Court—if the Court still remembers how to compute interest!"

No exception was taken to this charge.

In accordance with Fed.Rules Civ. Proc.Rule 51, 28 U.S.C.A., the Court ruled on the request to charge before counsel summed up. Counsel for the defendant therefore knew that his request had been granted, and that the jury would be instructed that any verdict that they rendered would carry interest. He used this fact in his summation as an argument for a verdict for the defendant. He said:

"This is not an ignorant, simple woman who did not know her rights. She had every reason in the world, if she had a claim, to come forward and not come around five, six or eight years later and say 'Pay that, and pay it to me with interest at six per cent,' because that is what they are claiming. Sit back and then say, 'pay me interest.'

"There is only one reason why a person does a thing like that—because there is something in the case that is rotten, that does not exist, that there is no claim."

Now having secured the instruction that he requested, and having used this point in his summation, defendant's counsel comes to this Court and says, in effect: "My requested instruction was wrong, as a matter of law. Although I asked for it, and took advantage of it in my summation, the Court should have denied it, and now I ask that the verdict be amended by removing the item of interest from it."

I will pass over for a moment the question as to whether the charge was, or was not, correct as a matter of law. The tactics used in making this motion seem to me to be the more important issue. Here the attorney made a representation of the law to the Court. He asked the Court to accept his interpretation of the law. He took advantage of it. He now seeks to take further advantage by stating that his requested instruction was an erroneous statement of the law and urging that the verdict be set aside or amended. In the marts of trade where the ethical standards are not as high as we would like to think they are at the bar, such conduct would be graphically described as a "double cross". On the football field, where trickery and deception are part of the art of the game, it would be called a "mousetrap play".

The practice of law is not a trade, however, nor is it a game. It is a profession, and the attorney is an officer of the Court, and as such, is required in his conduct before the Court and in his statements to the Court to act with "candor and fairness". Canons of Professional Ethics, No. 20. Putting on the conduct of counsel the construction most favorable to him, we can only conclude that he either intentionally or without due care sought to mislead the Court, and now seeks to capitalize on this intentional or careless deception.

Such conduct is neither allowed nor permitted. Where an attorney has requested a charge from the Court, and

such charge has been given without exception by him, he cannot thereafter object to it and ask to have the verdict set aside or amended.[2]

It should be said in passing, however, that the charge was correct as a matter of law. The action was one for damages for failure to carry out a written agreement to construct a building in Akron, Ohio, which was to be leased by the plaintiff to the defendant for 99 years at a stipulated rental. The building was to be completed by July 1, 1947. The building was not even commenced by July 1, 1947 and at the end of that month, the plaintiff declared the lease terminated and resumed possession of the property. Thereafter, this action was brought. The jury found that the damages to the plaintiff from this breach of the lease were $27,000.

Ordinarily, the law is that interest is allowable as damages from the date of the breach of contract, McCormick, Damages, §§ 54–56 (1935); 13 Ohio Jurisprudence, Damages, § 89.[3] When the action is not one for breach of contract to pay a definite sum of money, or to render performance the value of which is stated in the contract or ascertainable by mathematical calculations, interest may be allowed in the discretion of the Court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due. Restatement, Contracts, § 337.

In the present case, if the building had been erected at the time the contract required, the plaintiff would not have been forced to leave the property vacant for some time thereafter and then to borrow money to put up a building at her own expense. This is certainly a case where interest might have

been allowed in the discretion of the Court. But no exercise of discretion was required, for both parties asked for a charge that interest would be allowed on any award made by the jury. The charge was not wrong, as a matter of law. The charge, having been sought by the defendant, cannot now be used by the defendant as a ground for setting aside the judgment or amending it.

The motion is denied.

So ordered.

---

2. Rule 51 ["No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * * stating distinctly * * "]; 5 Moore, Federal Practice (2d Ed. 1951) par. 51.04; Moore v. Waring, 2 Cir., 1952, 200 F.2d 491; Maxwell Land Grant Co. v. Dawson, 1894, 151 U.S. 586,

14 S.Ct. 458, 38 L.Ed. 279; Cammisa v. Zone Oil Trucking Corp., 2 Dept.1945, 269 App.Div. 785, 55 N.Y.S.2d 251.

3. "§ 89. *Allowance in Contract Action.* In actions for breaches of contracts, express or implied, damages by way of interest are as a general rule allowable."