■ In the Matter of JOHN J., a Child in Foster Care. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. — Appeal from that part of an order of the Family Court of St. Lawrence County (Follett, J.), entered December 2, 1981, which continued the foster care of a child for a period of two years. The sole issue presented on this appeal is whether the Family Court Judge acted in excess of statutory authority in ordering that foster care of an infant be continued for a specific period. Section 392 of the Social Services Law empowers the Family Court in the county in which the authorized agency charged with the care, custody or guardianship of a child has its principal office or where the child resides, upon appropriate notice, to conduct a dispositional hearing. Thereafter, upon the proof adduced and in accordance with the best interests of the child, the Family Court must enter an order of disposition which, if appropriate, may direct that foster care of the child be continued (Social Services Law, § 392, subd 7, par [a]). The St. Lawrence County Department of Social Services argues that a Family Court order directing the continuance of foster care for a specific period, here two years, defeats the ameliorative provision of subdivision 10 of section 392 which permits rehearing of the issue of foster care whenever it is necessary or desirable or upon petition by any party entitled to notice in the proceedings. We agree. Section 392 of the Social Services Law is a statutory grant of authority to the Family Court to provide dispositional alternatives for the purpose of preventing the "warehousing" of foster children and thereby impeding the legislative intent of facilitating the release of such children for adoption or return to their natural home environment. One such dispositional alternative is ordering that "foster care of the child be continued" (Social Services Law, § 392, subd 7, par [a]). To engraft upon the statutory language a specific period of time that might foreclose rehearing until after that time has expired could keep a child in foster care beyond a point when a rehearing could produce evidence that it is in the infant's best interests to be released from foster care for adoption or returned to his or her parents. Order modified, on the law, without costs, by deleting that portion of the directive which continues the child's foster care "for an additional period of 2 years", and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., dissents and votes to affirm in the following memorandum. Levine, J. (dissenting). Contrary to the view of the majority underlying its determination to modify, it was neither the purpose nor the effect of the Family Court's order, continuing foster care for a period of two years, to preclude earlier review of foster care or the return of the child to its parents. A proceeding under section 392 of the Social Services Law is intended to monitor the agency's permanency planning for the child, not to affect the substantive rights of the parties which are governed by the terms of the instrument transferring the child into foster care and the provisions of section 384-a of the Social Services Law. And it is highly doubtful, in the absence of parental

unfitness or similar circumstances, that a section 392 order of disposition continuing foster care could be the vehicle for altering those rights (see *Matter of Sanjivini K.,* 47 NY2d 374, 382; *Matter of Jabril P.,* 105 Misc 2d 219, 224). The purpose and effect of the Family Court's continuation of foster care for a definite period was a far more limited one than the majority apprehends. On initial foster care review (Social Services Law, § 392, subd 2), the statute is quite specific in its requirement that the authorized agency with whom the child is placed must commence a review proceeding at the end of 18 months of care by filing a petition on notice. Section 392 does not, however, contain similarly specific directions requiring commencement of subsequent review ,proceedings when, upon initial review, foster care had been continued. Subdivision 10 of section 392 directs a rehearing either "upon petition by any party entitled to notice in proceedings under this section" (i.e., the agency, the child's parent or guardian, or the foster parent) or "whenever it [the court] deems necessary or desirable", "but at least every twenty-four months". By providing a specific period for continuation of foster care in the order of disposition, the court is able to fill the statutory gap, since the agency is thus required to initiate a rehearing by filing a new petition at the expiration of the period fixed in the order. In other words, in continuing foster care for a specific period, the court merely fixes the latest date when the matter will be reheard. There is no reason to construe such an order as foreclosing any appropriate party — whether agency, parent, or foster parent — from exercising its statutory right to petition for an earlier rehearing. Certainly, there is nothing in the record in the instant proceeding to indicate that the court intended more than fixing a date for subsequent review, and this clearly was the understanding of all parties present. In fact, the insertion of the two-year period was at the express suggestion of appellant's attorney: "MR. PHILIPS: No, the statute says the Court has the power to continue foster care. The Agency is under an obligation to return to court for another foster care review if he remains in care for the 24 month period. I think it is customary for the Court to direct he remain in foster care for a period of two years." If for no other reason, this appeal should be rejected because appellant itself induced the error, if any, and should not now be permitted to question the order's validity (*Ashdown v Kluckhohn,* 62 AD2d 1137; *Cammisa v Zone Oil Trucking Corp.,* 269 App Div 785). Since the child is now 16 and all parties were more than content to continue him in foster care, it is unlikely that the majority's modification of the order will have any substantial effect on his foster care status. I am fearful, however, that the majority's decision will be invoked to limit the Family Court's discretion to continue foster care for briefer, specific periods when that is necessary in order properly to monitor the agency's conduct and compliance with prior section 392 orders. This, indeed, would be an unfortunate result. Studies have indicated that the salutary purpose of judicial review of foster care has been substantially impaired by agency noncompliance with prior section 392 dispositional orders (see Festinger, Children in Foster Care: The Impact of Review by the Family Court, Report of the New York State Temporary Commission on Child Welfare, March, 1976, App III, pp 17-20; see, also, Report of the New York State Temporary Commission on Child Welfare, May, 1978, pp 21-22). Only recently, the First Department had a case before it in which the agency failed to seek rereview for well beyond the maximum two-year period and then abruptly removed the children from their foster parents and placed them for adoption in a small, out-of-State community where they would be isolated from members of their cultural and ethnic background (*Matter of Walker,* 87 AD2d 435). Permitting the Family Court to continue foster care for a definite period would enhance the court's ability effectively to monitor agencies' performance

of their foster care responsibilities, and we should not restrict that power when there is no express statutory prohibition against it. For all of the foregoing reasons, the Family Court order should be affirmed in all respects.