OPINION OF THE COURT
Joan S. Kohout, J.
This proceeding was commenced by an order to show cause filed by Hillside Children’s Center (HCC) pursuant to Social Services Law § 392, requesting an order reviewing and continuing the foster care placement of the child Jeremy H. with *558 the Monroe County Department of Social Services (MCDSS). On May 13, 1991, the matter came on to be heard at which time counsel for Hillside Children’s Center appeared, counsel for the Monroe County Department of Social Services, the Law Guardian for Jeremy and Jeremy’s foster/prospective adoptive mother. At that time no opposition was entered by any party to the request to continue foster care.
At the hearing on May 13, 1991, it was agreed by all parties that continued foster care placement was in Jeremy’s best interest given the fact that Jeremy’s parents had surrendered him for adoption and he had been placed in the preadoptive home of Phillip and Sylvia P. The only question presented to the court was whether the petition was timely filed pursuant to the requirements of Social Services Law § 392.
FINDINGS OF FACT
The record in this case established that Jeremy, born August 28, 1977, was placed in foster care with MCDSS by his mother on June 22, 1988. According to reports provided to the court, Jeremy was placed in a specialized therapeutic foster care program run by HCC due to behavior problems and his psychiatric history. On February 7, 1990, a Social Services Law § 392 foster care review occurred before Family Court Judge Anthony J. Sciolino, which resulted in a consent order approving Jeremy’s placement up to December 23,1990.
On March 7, 1990, his mother executed a surrender for adoption and on September 6, 1990, a similar surrender was executed by his father. On November 1, 1990, Jeremy was discharged from the therapeutic foster care program and placed in the prospective adoptive home of Mr. and Mrs. P. No party has contested the fact that the P. home is properly described as a preadoptive home or that this placement is consistent with Jeremy’s best interest. To the contrary, all parties agree that the foster care services currently in place should be continued as requested by HCC.
CONCLUSIONS OF LAW
This proceeding was commenced by HCC by an order to show cause. This vehicle was used because there was a question of timeliness of the action, resulting from a certain lack of clarity in Social Services Law § 392 relative to foster care reviews for children available for adoption. More specifically, this case addresses the question of when must foster care *559 status be reviewed after a child has been freed for adoption, placed in a prospective adoptive home and has previously been the subject of a Social Services Law § 392 review where a time limited order of placement has been made.
In 1986 the New York State Legislature amended the foster care review provisions of Social Services Law § 392 to include certain requirements for the review of the status of children who have been freed for adoption. (L 1986, ch 902, § 3, eff Aug. 5, 1986.) Prior to that time no foster care review was required for children who had been surrendered by their parents or caregivers for adoption.
Social Services Law § 392 (3) (d) provides three alternative time frames for foster care review after a child has been freed for adoption:
1. Sixty days before the end of the month which would constitute the 18th month of continuous foster care or earlier if so directed by the court in an initial foster care review under Social Services Law § 358-a, or
2. Within six months after the child becomes available for adoption if the child is not yet placed in a prospective adoptive home, or
3. Within 12 months after the child has been placed in a prospective adoptive home and no petition for adoption has been filed, whichever is sooner.
The complicating factor in this case is that a foster care review pursuant to section 392 of the Social Services Law occurred prior to the surrender of the child for adoption by both parents. On February 7, 1990, Monroe County Family Court Judge, Honorable Anthony J. Sciolino, signed an order continuing foster care placement for Jeremy "up to December 23, 1990”.* The question then becomes whether a foster care review should have been filed prior to the expiration of Judge Sciolino’s order or whether the 12-month period which applies to children freed for adoption and placed in a preadoptive home should be applied in this case.
*560 The court finds that the provisions of Social Services Law § 392 (3) (d) (iii) supersede Judge Sciolino’s order as to the timing of the next foster care review, by specifically requiring a review within 12 months after a child is placed in a preadoptive home. This provision became applicable after Jeremy was surrendered by his parents and placed in a preadoptive home. The court finds that this change in Jeremy’s legal status gave the custodial agency the option to file a foster care petition anytime before the expiration of the 12-month period.
The petition in this case was filed well before the 12-month period expired and was, therefore, timely. Jeremy was placed in the prospective adoptive home on November 1, 1990, and a placement review was legally required no later than November 1, 1991.
While the legal issue as to the timeliness of the petition may seem insignificant in relation to the more pressing question of Jeremy’s best interest, there are financial consequences to the authorized agency if foster care reviews are not timely filed. (18 NYCRR 430.1; see also, Matter of George O., 115 Misc 2d 782 [1981].) Therefore, a resolution of this issue is important to over-all agency procedure in handling cases for children available for adoption.
Based upon the foregoing, the court finds that the petition should be granted and that continued placement with the Monroe County Department of Social Services in a prospective adoptive home is in the best interest of Jeremy. Additionally, pursuant to Social Services Law § 392 (5-a) the court directs the Monroe County Department of Social Services to provide all appropriate and reasonable assistance to Jeremy and his prospective adoptive parents to expedite the adoption process. Jeremy’s foster care status should be reviewed again in six months to assure that his placement continues to meet his needs and to monitor the progress being made to finalize his adoption.

 Petitioner suggests that the petition is timely because Family Court is not authorized to order foster placement under Social Services Law § 392 for a specified time period less than 24 months. (See, Matter of John J., 89 AD2d 933 [3d Dept 1982].) The court is not persuaded by this argument and notes that the agencies involved all stipulated to the terms of the February order, thereby agreeing that foster care continue until December 23, 1990. Social Services Law § 392 does not preclude such a stipulation and in fact permits the court to rehear the case whenever needed or upon the petition of a party at anytime during placement. (Social Services Law § 392 [9].)