RALSTON, APPELLANT, *v.* STUMP, APPELLEE.

(No. 455—Decided October 26, 1944.)

*Mr. Robert L. Carr,* for appellant.
*Mr. L. Tate Cromley,* for appellee.

MONTGOMERY, P. J. The basis of this lawsuit was a collision in the village of Howard, Knox county, Ohio, between a small truck of plaintiff and a heavy truck and trailer of defendant. The plaintiff by petition, and the defendant by cross-petition, sought damages for injuries sustained in that collision. The verdict and judgment of the lower court were for the defendant on his cross-petition, and awarded him $600. From that judgment this appeal was perfected by the plaintiff. Only two assignments of error are urged.

The first assigned error is that the judgment is manifestly against the weight of the evidence, and that the plat introduced in evidence, together with the testimony itself, shows that the accident could not have happened as defendant contends. We have stud-

ied this record. It presents an ordinary case of credibility of witnesses and weight of the evidence. We cannot find that the verdict was manifestly against the weight of the evidence.

The whole record before us is singularly free of error until its very last page, the concluding paragraph in the charge of the court to the jury. Apparently as an afterthought to an otherwise proper and adequate charge, the trial judge, after stating: "This being a civil case, nine of your number can agree upon a verdict, three-fourths or more, which is nine, and those agreeing will sign their names," added: "And I might say to you that if you do not agree, twelve of your number do not agree and nine do agree, that only the nine agreeing upon the verdict should take any part in the amount of the verdict. Those that don't agree upon the verdict should take no part in determining what the verdict should be."

The record then states: "Thereupon the jury retired."

That statement of the trial court constitutes the second and remaining assignment of error, and to it we direct attention.

It might well have confused the jurors. No explanation was given as to what was meant by "agree upon the verdict." And this is from the last sentence in the charge and might, with its uncertainty, well have lodged in the minds of the jurors.

What is a verdict?

Webster defines it as "the answer of a jury given to the court concerning any matter of fact in any cause, civil or criminal, committed to their examination and determination."

As stated in *State* v. *Williams,* 89 N. J. Law, 234, 98 A., 416, "the verdict is the definitive answer given by the jury to the court concerning the matters of fact

committed to the jury for their deliberation and determination, a process in which not only must deliberation precede determination, but in which so long as the one continues the other has not been reached.''

And, in the language of the Supreme Court of Errors of Connecticut in *Shulman* v. *Stock*, 89 Conn., 237, 93 A., 531, ''until the conclusion reached by the jury is accepted by the court it does not become a verdict at all.''

In Ohio, this principle is carried into the statute itself. Section 11420-9, General Code, reads:

''In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of such jurors concurring therein, and they must then be conducted into court, where their names shall be called by the clerk, and the verdict handed to the clerk by the foreman. The clerk must then read the verdict to the jury and make inquiry if it is the verdict of three-fourths or more of their number.''

Until the conclusion of the jury is submitted to and accepted by the court, it is nothing more than a tentative agreement among the jurors, subject to revocation or change at any time before such submission and acceptance. Indeed under the quoted statute when the jury is asked whether it is the verdict of three-fourths or more of their number, a denial by a signing juror would vitiate the tentative agreement, the court would not accept it, and there would be no verdict.

Until such submission and acceptance, each juror is entitled to assert himself and has the privilege and the right to bring to his view, if possible, his fellow jurors.

And the fact that a juror votes against the fixing of liability upon a litigant does not preclude such juror from urging a reduction in the amount of the

378

award. He may well believe that there is no liability, but that, if nine or more be against him, he may be serving the interest of justice and fulfilling the duty imposed by his oath, in attempting to reduce the extent of that liability.

A litigant whose cause has been submitted to a jury is entitled to have his cause considered and discussed by all the jurors, and is entitled to have all of them participate in the decision of every question presented to them.

The statement in the charge of the court was erroneous and it cannot be asserted or assumed that it was not prejudicial, for the amount of the verdict might have been substantially different had the statement not been made.

The judgment is reversed and cause remanded.

*Judgment reversed and cause remanded.*

SHERICK and PUTNAM, JJ., concur.