362 P.2d 733

Hoyt ELLIOTT, Appellant,

v.

James E. LANDON, dba H & H Construction Company, and H & H Construction Company, Appellees.

No. 6800.

Supreme Court of Arizona.

En Banc.

June 21, 1961.

Marvin Johnson, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellees.

STRUCKMEYER, Chief Justice.

This action was instituted by the appellant, Hoyt Elliott, for damages occasioned by certain injuries arising out of an automobile accident. Judgment was rendered upon a jury verdict in favor of appellees.

Appellant assigns two alleged errors, both of which indicate that there is but one

issue to be determined on appeal. The question may be stated as: In a personal injury case where there is no conflict as to the existence of injury, the evidence affirmatively establishing the existence, nature and extent thereof, must the trial court instruct the jury that there is no issue as to injury, and is a failure to so instruct reversible error.

Appellant asserts that the trial court should have given his requested instruction that there was no issue as to the nature and extent of plaintiff's injuries. It is argued that the decision of the jury may have been based not upon the issues of negligence and proximate cause, but upon the ground that appellant was not injured.

In his opening statement to the jury counsel for appellee made it clear that he was not contesting appellant's injury. Counsel made the following statement:

> "First, let me say that I am sure that Mr. Elliott sprained his neck and that as a result of that he still has some discomfort in his neck. *We make no issue of that.*" (Emphasis added.)

Moreover, appellant's doctor was not cross-examined nor were any of appellant's other witnesses cross-examined on the question of injury. Appellant was not cross-examined as to the nature or extent of his injury. Accordingly there is no doubt that the evidence was uncontradicted as to appellant's injury.

■ In support of his contention that the court is required to instruct on an uncontradicted or admitted issue appellant cites numerous Arizona decisions. After reviewing these cases we fail to see wherein they support appellant's position. Each holds that the jury, the court, or the Industrial Commission, may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances of the case casts suspicion thereon. Bragg v. Industrial Commission, 71 Ariz. 37, 223 P.2d 180; Stiltner v. Industrial Commission, 77 Ariz. 69, 267 P.2d 234; Illinois Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 34 P. 2d 423; Crozier v. Noriega, 27 Ariz. 409, 233 P. 1104 and Otero v. Soto, 34 Ariz. 87, 267 P. 947. This rule is sound in principle but the fact that uncontroverted evidence may not be arbitrarily disregarded does not support the proposition that the trial court must instruct the jury that evidence is uncontradicted on a certain issue.

■ While it would not have been error for the trial court to give appellant's requested instruction it was not mandatory upon the court to do so. To absolutely *require* that a trial judge instruct on an uncontradicted fact would be to place an intolerable burden upon the court. The line between contradicted and uncontradicted evidence is often, indeed most frequently, difficult to ascertain. Any instruction of

this nature must be solely within the discretion of the trial court, due to his proximity to the witnesses and familiarity with their testimony. While there are at least two decisions by this Court which have held that the court *may* instruct the jury as to uncontradicted facts, these cases may not be interpreted as establishing a rule that the court must so instruct. In Gila Water Co. v. Gila Land & Cattle Co., 28 Ariz. 531, 238 P. 336, 337 we made the following statement:

> "*It is not error* for the [trial] court to instruct the jury on a question of fact conclusively established by the evidence." (Emphasis added.)

Again, in Reid v. Topper, 32 Ariz. 381, 259 P. 397, 401 we stated:

> "It is true that when the evidence on certain facts is uncontradicted or proved conclusively or the parties have agreed as to the facts, the court *may* in its instructions so state." (Emphasis added.)

Appellant further contends that the jury *might have* found for defendant on the ground that there was no injury. In the present case the record shows that the jury was correctly instructed upon the issues of negligence and proximate cause. It must be presumed that the jurors were intelligent persons who correctly applied the instructions of the court to the undisputed evidence and found the existence of the injury, as admitted. Henderson v. Los Angeles Traction Co., 150 Cal. 689, 697, 89 P. 976. Likewise, in considering an appeal from a judgment based upon a general verdict it must be assumed that the jury passed upon every material issue of fact presented to them, and that the findings thereon were such as to support the verdict. Moreover, "when we do not know on what basis the jury reached its verdict, if there is any evidence to support a theory which will sustain same it must be affirmed on appeal." Citizens Utilities Co. v. Firemen's Ins. Co., 73 Ariz. 299, 240 P.2d 869, 871. Appellant's contention that the jury *might have* found for defendant on the ground that there was no injury is not tenable. There is substantial evidence from which the jury could find that either the elements of defendant's negligence or that of proximate cause was not established by a preponderance of the evidence.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.