■    JOHN ASHDOWN, as Executor of FLORA ASHDOWN, Deceased, Appellant, v KARL KLUCKHOHN, as Executor of MARILYN KLUCKHOHN, Deceased, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff executor appeals from a judgment based on a jury verdict awarding $80,000 in a wrongful death action arising out of an automobile accident in which his wife was killed. The verdict was apportioned 90% against the estate of Marilyn Kluckhohn, the driver of the car in which she was riding, and 10% against the tractor-trailer with which the Kluckhohn car collided (Reed Lines, Inc.) and the driver thereof (Robert H. Swan). Appellant urges that there should be a reversal and new trial because the trial court, in answer to an inquiry from the jury prior to the verdict, directed that if one juror were not in agreement with the other five on the question of liability, that juror should not participate in the decision on damages. Before answering the jury's question, the court heard counsel in chambers. Concededly, counsel for both defendants objected to permitting the question of damages to be decided by five jurors while counsel for plaintiff-appellant "argued strenuously for the very position" ultimately adopted by the court. Under these circumstances, the general rule applies, that "One who, as a party to an action, has helped to induce a ruling of the court which appears to be to his advantage, is not to be permitted to seek a change in the ruling, or to question its validity, because it has turned out to be to his disadvantage." (21 NY Jur, Estoppel, § 55; see, also, 21 NY Jur, Estoppel, § 54; *Matter of Grainger [Shea Enterprises],* 286 App Div 802, mod on other grounds 309 NY 605; *Long Is. R. R. Co. v City of New York,* 64 NYS2d 391; *Matter of Brundage,* 134 NYS2d 703, affd 285 App Div 1185). *Measeck v Noble* (9 AD2d 19), relied on by appellant, is distinguishable. There, the appealing party, unlike plaintiff-appellant, had not affirmatively urged prior to the rendition of the verdict that the jury be permitted to decide the case with less than the full number of jurors. We agree with the trial court's determination in refusing to set aside the verdict for inadequacy. The verdict for a 48-year-old housewife employed as a clerical worker with no children living at home cannot be said to be "so grossly inadequate * * * as to be unconscionable" *(Brown v Sutter,* 60 AD2d 788, quoting *Watson v Archer,* 46 AD2d 997; *Hallenbeck v Caiazzo,* 41 AD2d 784). Nor do we find that on the record presented the trial court erred in following *Zaninovich v American Airlines* (26 AD2d 155) and excluding the proffered expert testimony concerning the cost of providing an employee to perform household services. The jury could use its own knowledge in assessing how much, if any, pecuniary loss the husband sustained by virtue of the loss of his wife's services in performing the household duties. (Appeal from judg-

ment of Erie Supreme Court—wrongful death.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ. [90 Misc 2d 618.]