726 P.2d 1102

**Rafael DURAN and Adelina Duran, husband and wife, Plaintiffs/Appellants,**

v.

**SAFEWAY STORES, INC., a foreign corporation, Defendant/Appellee.**

No. 2 CA–CIV 5747.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 30, 1986.

Miller & Pitt, P.C. by Thomas G. Cotter, Tucson, for plaintiffs/appellants.

Stinson & Douglas by William H. Douglas, Tucson, for defendant/appellee.

BIRDSALL, Judge.

This is an appeal from a jury verdict in favor of the defendant/appellee, Safeway Stores, Inc. (Safeway) in a slip and fall case. Appellants raise two issues on appeal: 1) the trial court erred in giving Recommended Arizona Jury Instruction No. 5 on contributory negligence; 2) the trial judge erred in failing to answer a jury question in open court.

On January 18, 1983, appellant Adelina Duran fell while in appellee's Casa Grande Safeway store. Mrs. Duran was allegedly injured as a result of the fall and subsequently sued appellee on the theory that one of appellee's employees negligently kicked appellant's heels, causing her to fall. Appellee argued at trial that Mrs. Duran was contributorily negligent because she was walking backward inside an employee work area at the time the incident occurred. After deliberating approximately a day and a half, the jury returned a verdict in favor of appellee. We affirm.

Appellants' first argument on appeal is that the trial judge erred in giving RAJI Negligence Instruction No. 5, modified by changing the word "should" to "may," over appellants' objection and in place of appellants' requested contributory negligence instruction.

■ In order to preserve an objection to a jury instruction as an issue on appeal, a party must state distinctly the matter objected to and the specific grounds for the objection. Rule 51(a), Rules of Civil Procedure, 16 A.R.S. Failure to object with particularity constitutes a waiver of the objection. *Spillios v. Green*, 137 Ariz. 443, 446–47, 671 P.2d 421, 424–25 (App.1983).

■ The transcript reflects that appellants did not specifically object to the giving of the instruction. At best, counsel's arguments at the settling of instructions are a list of reasons why he believed the instruction to be confusing. Nothing in counsel's comments rose to the level of a formal objection contemplated by Rule 51(a). In fact, after some discussion about the instruction, counsel for the appellants stated:

> MR. COTTER: It [case law] says "may" is preferable, Your Honor, but I think it also approves the instruction that I gave [you].
>
> THE COURT: I am giving this one. [RAJI no. 5]
>
> MR. COTTER: I understand that.

Because appellants failed to object to the negligence instruction as required by Rule 51(a), that error, if any, is waived for purposes of this appeal. We note also that the instruction in question has been approved by the Arizona Supreme Court with either the "may" or "should" wording. *See Rimondi v. Briggs*, 124 Ariz. 561, 606 P.2d 412 (1980).

Appellants second contention is more troublesome. They argue that the trial court erred in answering a question from the jury during its deliberations without consulting with counsel.

■ It has long been true in criminal cases that failure to answer questions from a jury in the presence of parties is reversible error. *Fillipon v. Albion Vein Slate Co.*, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919); *State v. Burnetts*, 80 Ariz. 208, 295 P.2d 377 (1956). Rule 22.3, Rules of Criminal Procedure, 17 A.R.S., specifically requires that jury requests be answered only after notice to the parties. No civil rule contains a similar notice provision. Rule 39(f), Rules of Civil Procedure, 16 A.R.S., provides only that:

> When the jurors desire to communicate with the court during retirement, they shall make their desire known to the officer having them in charge, who shall inform the court and they may be brought into court, and through their foreman shall state to the court, either orally or in writing, what they desire to communicate.

Although the only Arizona decision directly on point was vacated on other grounds, *see American Honda Motor Co., Inc. v. Smith,* 21 Ariz.App. 255, 518 P.2d 131 (1974), vacated, 110 Ariz. 593, 521 P.2d 1139 (1974), we believe the reasoning in that case concerning jury questions in the civil context to be correct. The intent of Rule 39(f) is that notice be given to the parties. Therefore, any communication between the court and the jury during deliberations without such notice is disapproved. It was error for the trial judge to answer the question from the jury without notice to the parties. This is the law in other jurisdictions. *See, e.g., Amador v. Lara,* 93 N.M. 571, 603 P.2d 310 (App.1979). Still other jurisdictions have adopted rules or statutes to the same or similar effect. *See, e.g., Scales v. St. Louis-San Francisco Railway,* 2 Kan.App.2d 491, 582 P.2d 300 (Kan.App.1978), *Hastings v. Top Cut Feed Lot,* 285 Or. 261, 590 P.2d 1210 (1979).

That determination does not entirely dispose of the issue. It remains to be determined whether the appellant has demonstrated prejudice as a result of the error. *Amador v. Lara, supra; Scales v. St. Louis-San Francisco Railway, supra.* We believe not. The jury's question was whether they could award damages without first determining fault. The judge's answer was simply "no." This response was consistent with the instructions given to the jury concerning determination of negligence and damages. Had the judge notified the parties of the jury's question, the most that might have happened is that the court might have been persuaded to reread the appropriate jury instruction. It is unlikely that the court, as appellants suggest, would have given appellants' requested instruction on contributory negligence. The court made its ruling on that instruction clear when the parties settled the instructions. Even if the court had given the appellants' requested instruction, it contained no law different than the instruction given. The requested instruction read:

> If you find that Adelina Duran was contributorily negligent and that her negligence was a proximate cause of the plaintiff's injuries, then you may find for the plaintiffs or the defendant as you see fit.

The instruction given, as modified, was:

> If both plaintiff and defendant were negligent, and if the negligence of each was the cause of the injury, the plaintiff may not recover. This means that you must decide two things: First, whether the plaintiff was contributorily negligent, and second, if the plaintiff was negligent, whether this negligence should prevent a verdict in her favor.

Actually, the one-word answer given was probably the best response. The appellants have not convinced us otherwise. The appellants have not met their burden of showing prejudice and the error is harmless.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.