834 P.2d 1260

Janet PERKINS, as personal representative of the Estate of Peter J. Perkins, Plaintiff/Appellee,

v.

Orest G. KOMARNYCKYJ, D.D.S., a single man; Phillip Cooke, D.D.S. and Cindy Cooke, husband and wife, Defendants/Appellants.

No. CV–91–0104–PR.

Supreme Court of Arizona, En Banc.

Aug. 6, 1992.

The Langerman Law Offices by Amy G. Langerman, Phoenix, for plaintiff/appellee.

Jennings, Strouss & Salmon by Jay A. Fradkin, Phoenix, for defendants/appellants Komarnyckyj.

Gallagher & Kennedy, P.A. by Jeffrey J. Tonner, Phoenix, for defendants/appellants Cooke.

## OPINION

FELDMAN, Chief Justice.

The issue presented in this medical malpractice action is whether the trial judge's erroneous *ex parte* instructions to the jury require a new trial on damages alone or on both liability and damages. We granted review because of the unique and important nature of the issues presented. *See* Rule 23(c)(4), Ariz.R.Civ.App.P., 17B A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

Peter Perkins sued Drs. Phillip Cooke, a general dentist, and Orest Komarnyckyj, a periodontist (Defendants), for malpractice. Perkins alleged that the Defendants failed to diagnose a squamous cell carcinoma in its early stages and that the consequent delay in treatment resulted in a significant reduction in his chance of survival.

The case was tried to a jury. Perkins died during the trial as a result of his cancer. On a motion by Perkins' attorney, the court permitted the complaint to be amended to an action for wrongful death with Perkins' survivors (Plaintiffs) substituted as parties.

After the jury had retired and begun its deliberations, the jury posed a series of written questions to the judge. Without informing the parties that the jury had asked him any questions, and without consulting the parties regarding the proper responses, the trial judge provided the jury with written answers to the questions.

The jury was composed of eight members and two alternates. The parties had stipulated that the two alternates would participate in the trial and deliberations,

and that a majority would be seven out of the ten jurors. The jury returned a verdict in favor of Plaintiffs: eight out of the ten jurors found against both Defendants on the issue of liability, while two jurors found in favor of both Defendants. The jury determined that the Plaintiffs' damages totaled $1,098,054, and that Dr. Cooke's percentage of fault was 67%, Dr. Komarnyckyj's 33%, and Perkins' 0%. Both Defendants moved for a new trial, and Dr. Komarnyckyj also moved for judgment notwithstanding the verdict. The trial judge denied these motions, and Defendants appealed.

In a memorandum decision, the court of appeals affirmed in part, reversed in part, and remanded the case for retrial on the issue of damages. *Perkins v. Komarnyckyj*, No. 2 CA–CV 90–0254 (Ct.App. Jan. 10, 1991) (memorandum decision). The court of appeals ruled that the trial judge had not abused his discretion by denying a mistrial after Perkins' death and allowing the case to proceed as a wrongful death action with substituted parties, and had not erred in a number of substantive and evidentiary rulings. In addition, the court of appeals ruled that the trial judge properly refused to give Defendants' instruction on calculating the increased risk attributable to their conduct. None of these issues is before us on review.

The final question addressed by the court of appeals was the trial judge's response to one of the written questions sent to him by the jury:

> QUESTION [1/30/89, 3:45 p.m., during deliberations]: If any jurists [sic] should find for the defendants, should those jurists take part in the determination of the percentage of liabilities and damages?
>
> REPLY: ... The jurors who agree on liability are the ones who should fix damages and sign the form of verdict.[1]

---

1. The rest of the questions and replies were as follows:

   QUESTION [1/30/89, 3:47 p.m.]: Can we specify the amount of damages per plaintiff (five listed)?

   REPLY: You are to make a general award of damages in a lump sum. If you want to separately indicate how the amount was arrived at, you may. The verdict form should have one total sum.

The court of appeals ruled that the trial judge had erred by answering the jury's note without notifying the parties and by instructing that those jurors who voted against the Defendants' liability were not to participate in the deliberation of the remaining issues. "Because no one can tell what effect the excluded jurors would have had" on the damages issue, the court affirmed the judgment of the trial court as to liability but reversed the damage award and remanded for retrial on the damages issue alone. Mem.Dec. at 5–6.

We granted review to determine whether the entire judgment must be reversed and remanded when the trial judge communicates *ex parte* with jurors, erroneously directing those jurors who voted in favor of the Defendants on liability issues not to participate in further deliberations, or whether the case was properly remanded for retrial on the issue of damages only.

### DISCUSSION

#### A. The Errors

1. *Communicating with the Jury Without Notifying Counsel*

■ The fairness of trial by jury derives in substantial part from the prohibition of *ex parte* communication to the jury of information regarding evidence and legal standards. *See generally* 58 Am. Jur.2d *New Trial* § 300 (1989). Accordingly, in cases where a *litigant* wrongly interferes with the jury's deliberations, that litigant may be held to account for his or her misconduct if it prejudices an opposing party. *See generally* 58 Am.Jur.2d *New Trial* § 305. In other cases, where a member of the *jury* brings to the deliberations extraneous material, information, or communications regarding the issues in the case, the reasonable possibility of prejudice to either litigant may be grounds for a new trial. *See, e.g., Kirby v. Rosell*, 133 Ariz. 42, 45–46, 648 P.2d 1048, 1051–52 (Ct.App.1982); *see also Texas Gen. Indem. Co. v. Watson*, 656 S.W.2d 612, 615 (Tex.App.1983) (new trial granted where two jurors convinced jury that those jurors voting a certain way on one issue could not vote on other issues); *see generally* 58 Am.Jur.2d *New Trial* §§ 231, 317. Although neither litigant causes the error, and often neither benefits from starting over, the risk of such mistakes by jurors is a cost of the right to trial by jury.

In the present case, normal procedures were disrupted when the trial judge responded to a substantive inquiry from the jury without consulting counsel. In many jurisdictions, *any* communication by a judge with a deliberating jury without the knowledge and input of the litigants may be grounds for a mistrial. *See generally* 58 Am.Jur.2d *New Trial* § 323; 75B Am. Jur.2d *Trial* § 1573–78 (1992).

■ For the purposes of our review, Plaintiffs do not contest the court of appeals' determination that the trial court improperly communicated with the jury. We are nevertheless compelled by jurisprudential considerations to settle any question on this subject. The judge's conduct was erroneous. *See generally* Russell J. Davis, Annotation, *Propriety and Prejudicial Effect, in Federal Civil Cases, of Communications between Judge and Jury Made out of Counsel's Presence and after Submission for Deliberation*, 32 A.L.R.Fed. 392 (1977 & Supp.1991). Moreover, in many cases the failure to respond to the jury may be in effect a communication. Thus, even if the trial judge has no intention of responding to the jury, and

QUESTION [1/30/89, 3:48 p.m.]: If damages are awarded may we stipulate a trust fund or other instruction per plaintiff?
REPLY: No.
QUESTION [1/30/89, 4:10 p.m.]: If any jurors find for the defendants and are therefore not eligible to participate in the decisions on the percentage of liability and the amount of damages, are those jurors excused until the verdict is complete and read in court?

REPLY: No, they remain. You must *all* remain until verdict rendered and you are excused.
QUESTION [1/31/89, 9:15 a.m.]: Does the total of the 2 percentages in special interrogatories have to total 100%?
REPLY: Yes.
QUESTION [1/31/89, 9:30 a.m.]: To find Peter Perkins liably [sic] to some percentage do a majority of jurors have to agree?
REPLY: Yes.

does not respond, the judge must still inform the parties of the communication and allow the parties to voice their positions or concerns for the record.

If in this case the judge had consulted or even advised the litigants before responding to the jury's inquiries, error might have been detected and avoided. Further, if counsel failed to object, any error might be waived. *See Ashdown v. Kluckhohn*, 62 A.D.2d 1137, 404 N.Y.S.2d 461, 462 (1978) (judge consulted parties before instructing jury, in response to jury's inquiry, that juror dissenting on liability should not participate in decision on damages; plaintiff who argued in favor of the instruction could not later contest ruling). When, as in this case, a trial judge acts without notice, the litigants have no opportunity to object or voice their concerns regarding the judge's procedure until it is too late. The damage is done.

█ We thus take this opportunity to emphasize that trial judges should not communicate with the jury regarding substantive legal issues or matters of substantial procedural importance without first notifying and giving counsel an opportunity to state their positions and make whatever record is appropriate. We therefore approve the position taken by the court of appeals in *Duran v. Safeway Stores, Inc.*: "[C]ommunication [of substance] between the court and the jury during deliberations without such notice [to the parties] is disapproved." 151 Ariz. 233, 235, 726 P.2d 1102, 1104 (Ct.App.1986). It is error. We do not, of course, impose on trial judges an obligation to communicate with counsel with respect to minor administrative details such as the time for lunch, viewing of an exhibit, or use of a magnifying glass. *See, e.g., Sanders v. Buchanan*, 407 F.2d 161, 164–65 (10th Cir.1969) (jury told it could not examine documents not admitted in evidence). On the other hand, inquiries of even arguable substance or significance, whether dealing with legal rules or trial procedure, must be communicated to counsel before any response is made to the jury or before any decision not to respond is made.

### 2. *Substantive Error*

█ The judge's *ex parte* instruction telling the jurors that those voting against liability should not participate in the determination of other issues, including damages, was itself erroneous. In *Hall v. Delvat*, 95 Ariz. 286, 290–91, 389 P.2d 692, 696 (1964), three jurors who voted against liability did not participate in the discussion of damages or vote on that issue. This court quoted as "good authority" an Ohio case which held that "[a] litigant whose cause has been submitted to a jury is entitled to have his cause considered and discussed by all the jurors, and is entitled to have all of them participate in the decision of every question presented to them." *Id.* at 291, 389 P.2d at 696 (quoting *Ralston v. Stump*, 75 Ohio App. 375, 31 O.O. 143, 62 N.E.2d 293, 294–95 (1944)); *accord Gorski v. J.C. Penney Co.*, 103 Ariz. 404, 405–07, 442 P.2d 851, 852–54 (1968) (error where juror withdrew from discussion after voting against liability); *Texas Gen. Indem. Co.*, 656 S.W.2d at 615 (excluding "two of the twelve jurors from full participation in the jury deliberations violates the very essence and spirit of the jury system and deprived the parties of a full and fair trial by jury").

The principle is simple. The constitutional right of trial by jury carries with it the right to have every issue tried by the jury that has been empaneled, not by two-thirds of that jury, or three-fourths, or any other fraction. *See Hall*, 95 Ariz. at 290–91, 389 P.2d at 696. The jurors who have been empaneled are required to consider and decide each of the issues submitted to them by the court. The cases cited establish that jurors who find themselves in a minority on one issue may not withdraw or be excluded from consideration of the other issues in the case.

In *Hall* and *Gorski*, we did not reach the issue of prejudice because in both cases the irregularity in the jury's deliberations was brought to the trial judge's attention through affidavits from members of the jury. Adhering to the principle that "the verdict of the jury cannot be impeached by the affidavits of jurors," we found that the

irregularity had not been established. *Hall*, 95 Ariz. at 291, 389 P.2d at 696. Therefore, we declined to overturn the verdicts and did not reach the issue of prejudice. *Id.; Gorski*, 103 Ariz. at 405–06; 442 P.2d at 852–53. In the case now before us, however, the error is established by the instruction from the judge to the jury rather than by a juror's affidavit. We cannot speculate or assume that the jurors failed to follow the judge's erroneous instruction. *See Elliott v. Landon*, 89 Ariz. 355, 357, 362 P.2d 733, 735 (1961) (court presumed jurors followed instructions); 5 Am.Jur.2d *Appeal and Error* § 890 (1962) ("appellate court generally presumes that the jury ... heeded the instructions, correct or incorrect, that were given to it"). We must therefore consider the issue of prejudice, and we turn now to that question.

B. Prejudice and the Scope of the Remedy

■ The court of appeals held that the trial judge's error required retrial only on the issue of damages. Defendants argue, however, that retrial on damages alone is insufficient to correct the error, and that retrial on liability is required as well. Plaintiffs, on the other hand, assert—and not without reason—that because eight of the ten jurors found that Defendants negligently caused Perkins' death, Defendants are unable to establish that the instruction affected the jury's conclusion that Defendants were liable for Perkins' death. Absent a showing of prejudice on the liability issue, only the damage question should be retried.

Given Plaintiffs' non-participation in the error, it is tempting to accept their argument and limit the scope of the new trial. We believe, however, that the judge's error was inherently prejudicial, and no further showing is needed to require reversal, remand, and retrial on all issues. A jury's decision on an issue is not final until its verdict is accepted by the trial court. *Ralston v. Stump*, 62 N.E.2d at 294 ("Until the conclusion of the jury is submitted to and accepted by the court, it is nothing more than a tentative agreement among the jurors, subject to revocation or change at any time before such submission and accept-

ance."); *see generally* 75B Am.Jur.2d *Trial* § 1752, at 521 & n. 95.

Thus, until they return the verdict, the jury may decide again and again to reconsider one or all of the issues in the case. For example, a jury might vote that both defendants in a tort case are liable, and then later, in the course of allocating percentages of fault or fixing damages, conclude that one defendant was not really liable at all. Consequently, we do not and cannot know or assume that at any point in the deliberations, a majority of the jury unalterably concluded that Defendants were liable for Perkins' death. Defendants were deprived of their right to have all of the jurors participate in deciding all of the issues.

Moreover, we cannot require a litigant to show the extent of prejudice resulting from an error when, as a practical matter, the nature of the error renders it impossible to prove the extent of any prejudice. In this case, the necessary prejudice inheres in the trial judge's instructions, which, if followed—and we must assume they were—deprived Defendants of the opportunity to have their liability exhaustively deliberated by a full jury. *See Schabe v. Hampton Bays Union Free School Dist.*, 103 A.D.2d 418, 480 N.Y.S.2d 328, 335 (1984) ("participation by less than all of its members deprives the jury of the reflections and judgment of an individual who might have opposed the verdict and might have persuaded one or more of the other jurors of the wisdom of his position"); *Ralston*, 62 N.E.2d at 295 (where judge instructs jury that jurors voting against verdict could not take part in determining award, "it cannot be asserted or assumed that it was not prejudicial, for the amount of the verdict might have been substantially different had the statement not been made").

■ In short, prejudice is conclusively presumed where the nature of the error deprives a litigant of an essential right. *See* Ariz. Const. art. 2, § 23 ("[T]he right of trial by jury shall remain inviolate."); *id.* art. 6, § 17 (same); *Arizona v. Fulmi-*

*nante,* —— U.S. ——, ——, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991) (certain "structural defects in the constitution of the trial mechanism," including, for example, unlawful exclusion of members of defendant's race from grand jury, "defy analysis by 'harmless error' standards"); *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967) ("some constitutional rights [are] so basic to a fair trial that their infraction can never be treated as harmless error"); *see also Valley Transp. Sys. v. Reinartz,* 67 Ariz. 380, 383, 197 P.2d 269, 271 (1948) (prejudice presumed "where improper evidence is admitted upon which the jury might act or improper instructions of law are given which might mislead the jury"). *See generally* 5A C.J.S. *Appeal and Error* § 1677, at 695 (1958 & Supp.1991) (some error "so substantial in nature or so connected with the rights of the parties or the course of the proceedings that it cannot be said prima facie not to have influenced the result").

If, on the other hand, the judge's *ex parte* communication to the jury had correctly explained the law, a harmless error analysis would have been appropriate because, although the judge erred in failing to notify the parties, the failure to do so could not have affected any legal right. *See Duran,* 151 Ariz. at 235, 726 P.2d at 1104; *see also* Ariz. Const. art. 6, § 27 (no reversal for "technical error" when "substantial justice" done). Given the nature of the substantive error made in the *ex parte* communication in the present case, however, Defendants were deprived of a fundamental right, and a harmless error analysis is therefore inappropriate. The circumstances of this case present no alternative but to remand for retrial on liability as well as damages.

C. The Message to the Jury

Jurisprudential considerations also require us to comment on one more matter. In his note to the judge, the jury foreman incorrectly referred to the jurors as "ju-rists." In responding, before the *ex parte* transmission of erroneous legal principles, the judge took it upon himself to correct the foreman's error in usage by informing him that "[t]here is only one jurist involved. Me. I assume you mean jurors." We believe this correction quite inappropriate. Jurors are often unfamiliar with correct legal terminology and may even be guilty of improper grammar or usage. Unless such errors endanger the accuracy of the judicial process, we see no need for the judge to risk embarrassing a juror by unnecessarily correcting improper grammar or usage. Jurors perform an important civic duty with little recompense and, in most cases, considerable inconvenience. They are to be treated with respect and consideration. They are not to be embarrassed.

### DISPOSITION

The trial judge's erroneous, *ex parte* instruction that those jurors voting against liability were not to participate in the determination of damages necessitates a retrial on liability as well as damages. That portion of the court of appeals' decision remanding the case for retrial solely on this issue of damages is vacated. The case is remanded to the superior court for retrial on all issues.

MOELLER, V.C.J., CAMERON, J. (retired), and MYERS, Judge, concur.

Justice FRANK X. GORDON, Jr. (retired) did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, the Honorable ROBERT D. MYERS, Judge of the Maricopa County Superior Court, was designated to sit in his stead.

CORCORAN, Justice, specially concurring.

I concur in the result. It is reversible error for a trial judge, acting without the approval of the parties, to, in effect, disqualify some jurors from deliberation on the damages issue because they did not

join in making the verdict on the liability issue.