IN THE SUPREME COURT OF THE STATE OF NEVADA

CESAR PEREZ,
Appellant,
vs.
DORIS ANN TALLEY,
Respondent.

No. 79094

FILED

NOV 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment on a jury verdict in a personal injury action and an order denying a motion for a new trial. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant filed a personal-injury lawsuit against respondent following a car accident. After a 13-day jury trial, the jury returned a unanimous verdict for respondent, awarding appellant nothing.[1] Appellant raises four main arguments in support of reversal of the jury's verdict and a new trial. We affirm.[2]

*The district court did not commit reversible error in reviewing appellant's* Batson *objections*

During voir dire, respondent peremptorily struck four prospective jurors. Relying on *Batson v. Kentucky,* 476 U.S. 79 (1986), appellant objected to those peremptory strikes, arguing that the decisions

---

[1]We do not recount the facts except as necessary to our disposition.

[2]Appellant also appeals from a post-judgment award of costs but argues only that the cost award should be reversed if the judgment on the jury verdict or the order denying his motion for a new trial are reversed. We therefore affirm the cost award as well.

to strike those prospective jurors were based either on the jurors' race or sexual orientation. *Cf. Morgan v. State*, 134 Nev. 200, 211-12, 416 P.3d 212, 224 (2018) (citing *Batson* for the proposition that a litigant cannot strike a prospective juror based on race and *SmithKline v. Beecham Corp. v. Abbott Labs*, 740 F.3d 471 (9th Cir. 2014), for the proposition that a litigant cannot strike a prospective juror based on sexual orientation). The district court promptly held a two-and-a-half hour discussion with the parties' counsel on appellant's *Batson* challenges, although for reasons that are unclear and concerning, the discussion was held in a hallway and was not recorded. Following the off-the-record discussion, the district court and counsel for both parties returned to the courtroom, at which point the district court stated on the record that they had discussed appellant's *Batson* objections and would make a detailed record on each objection at a later time. The district court then excused the four prospective jurors that respondent had peremptorily struck. Roughly two weeks later, and on the final day of trial while the impaneled jurors were deliberating, the district court held an on-the-record hearing to memorialize appellant's four *Batson* objections.

Appellant contends that reversal is warranted because the district court committed structural error by not conducting a prompt *on-the-record Batson* hearing, which was necessary for appellant to establish that respondent's race-neutral and sexual-orientation-neutral explanations for striking the four prospective jurors were pretextual. *Cf. Brass v. State*, 128 Nev. 748, 753, 291 P.3d 145, 149 (2012) (explaining that a *Batson* objection involves a three-step analysis wherein (1) the opponent of the peremptory strike makes a prima facie showing of impermissible discrimination, (2) the party exercising the peremptory strike offers a neutral, permissible explanation for the strike, and (3) the opponent is provided an opportunity

to show that the neutral explanation is pretextual). We are not persuaded under these particular facts that the district court committed reversible error. Because appellant did not object to the district court's decision to conduct the initial *Batson* discussion off the record, we review appellant's argument for plain error.[3] *See Jeremias v. State*, 134 Nev. 46, 50-51, 412 P.3d 43, 49 (2018) (recognizing that even alleged structural errors must be objected to in district court in order to properly preserve them for appellate review); *see also Landmark Hotel & Casino, Inc. v. Moore*, 104 Nev. 297, 299-300, 757 P.2d 361, 362-63 (1988) (holding that a failure to object in district court precludes appellate review absent "plain error," which is an error "so substantial as to result in a miscarriage of justice"). We agree with appellant that the district court erred in failing to conduct a prompt *on-the-record Batson* hearing. Indeed, we have explicitly held that a district court errs when it dismisses a prospective juror before holding a *Batson* hearing. *Brass*, 128 Nev. at 754, 291 P.3d at 149. Under *Brass* and our other *Batson*-related case law, an on-the-record hearing is required to allow for meaningful appellate review.[4] *See Matthews v. State*, 136 Nev. 343, 345-46,

---

[3]The parties do not address whether the concept of structural error applies in the civil litigation context. Although we need not decide the issue here, we note that courts have reached different conclusions on the issue. *Compare In re Detention of Reyes*, 358 P.3d 394, 397 (Wash. 2015); *In re E.R.S.*, 452 P.3d 174, 181 (Colo. Ct. App. 2019); *and In re S.A.G.*, 403 S.W.3d 907, 917 (Tex. App. 2013) (all restricting the concept of structural error to the criminal context); *with Perkins v. Komarnyckyj*, 834 P.2d 1260, 1264 (Ariz. 1992); *and In re Marriage of Carlsson*, 77 Cal. Rptr. 3d 305, 311 (Ct. App. 2008) (both applying a derivation of structural error in the civil litigation context).

[4]Why the district court did not do so here is unclear from the record. Despite both parties having trial counsel who are also counsel of record on appeal, neither party's counsel explained why the district court held the

466 P.3d 1255, 1260 (2020) (discussing the importance of a clear record as to the district court's determinations and reasoning under the *Batson* framework).

Nonetheless, we are not persuaded that the error presents a "miscarriage of justice" that warrants reversal and a new trial. *Landmark Hotel & Casino*, 104 Nev. at 299, 757 P.2d at 362. As noted, the district court *did* address the *Batson* objections at length with counsel before dismissing the prospective jurors and it *did* eventually hold an on-the-record hearing during which appellant memorialized the bases for his *Batson* objections, respondent provided race-neutral and sexual-orientation-neutral explanations for using his peremptory strikes, and the district court explained its determinations under the *Batson* framework. Although appellant contends that the district court prohibited him from establishing that respondent's explanations were pretextual under *Batson*'s third step, appellant has not explained in his briefs or at oral argument what evidence or arguments he wanted to proffer to show pretext that he was unable to present to the district court during the initial off-the-record discussion or the subsequent on-the-record discussion.

For example, although appellant contends that the district court prohibited him from showing that respondent's explanation for striking prospective juror 464 was pretextual, appellant has not explained

initial *Batson* discussion in a hallway. Relatedly, appellant has filed a Motion to Strike Respondent's Oral Argument on Batson Issues, or Alternatively, to Limit the Court's Consideration to the Record. In resolving this appeal, we have considered only the evidence in the record and the arguments of counsel supported therein. We therefore deny appellant's motion filed on September 20, 2021, as moot.

how he would have made this showing.[5]  Relatedly, although appellant contends that respondent's decision to strike prospective jurors 381 and 469 was necessarily pretextual because their inability to understand English is not a permissible neutral reason to strike a prospective juror, appellant has not provided any authority to support that proposition,[6] and this court has never held as much.  *See Diomampo v. State*, 124 Nev. 414, 424 n.21, 185 P.3d 1031, 1038 n.21 (2008) (observing that this court has "not reach[ed] the issue of whether using a peremptory challenge to dismiss a minority juror because of a true language barrier constitutes de facto discrimination").  Nor are we persuaded that the district court's initial comments regarding these two prospective jurors' English-speaking abilities precluded the district court from later reevaluating their ability to understand the trial testimony.  *Cf. United States v. Changco*, 1 F.3d 837, 840 (9th Cir. 1993) (holding that a true language barrier can provide a race-neutral basis for a peremptory challenge).  Accordingly, we conclude that the district court's failure to conduct a prompt on-the-record *Batson* hearing does not warrant reversal.

---

[5]Appellant likewise does not explain how he would have shown that respondent's explanation for striking prospective juror 388 was pretextual.

[6]Appellant relies on *Hernandez v. New York*, 500 U.S. 352 (1991), for the proposition that using a peremptory strike based on a juror's *inability to understand English* "is just a mask for racial discrimination."  However, *Hernandez* actually held that using a peremptory strike based on a juror's *ability to speak Spanish* may be a mask for racial discrimination.  500 U.S. at 363.

*The district court did not commit reversible error in allowing Officer Richter's deposition testimony to be read at trial or in changing a word that he used*

Las Vegas Metropolitan Police Officer Johnathon Richter responded to the scene of the accident and, as relevant here, reported that he observed "yaw" marks at the scene. After appellant filed the underlying lawsuit, Officer Richter was deposed, but by the time of trial he had moved out of state and was unavailable to testify. Consequently, the district court permitted portions of his deposition testimony to be read to the jury during trial. Appellant contends that reversal is warranted because (1) Officer Richter's deposition testimony should have been excluded in its entirety, or (2) the district court changed Officer Richter's statement in his deposition that he observed "yaw" marks to him having observed "skid" marks.[7] We disagree.

With respect to appellant's first argument, appellant did not ask the district court to exclude Officer Richter's deposition in its entirety. Thus, this argument is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (observing that arguments not raised in district court need not be considered on appeal). Although appellant appears to have filed at least two motions in limine and a trial brief seeking to exclude *portions* of Officer Richter's deposition or his accident report, none of these requests coherently sought to exclude Officer Richter's

---

[7]Appellant also suggests that the district court improperly allowed Officer Richter to opine as a lay witness. However, appellant does not identify any opinion testimony that he believes Officer Richter gave, and our review of the portion of Officer Richter's deposition that was read to the jury reveals that he gave no opinions.

deposition testimony in its entirety.[8] Regardless, even if appellant had originally sought to exclude Officer Richter's deposition testimony in its entirety, appellant likely waived that argument by willingly participating with the district court in redacting portions of Officer Richter's testimony without subsequently re-objecting to the district court's decision to allow the testimony to be read. *Cf. Turner v. State*, 136 Nev. 545, 551, 473 P.3d 438, 445 (2020) (holding that a defendant who initially seeks to exclude a codefendant's statement from evidence but then participates in redacting the statement must subsequently make an on-the-record objection to preserve the exclusion issue for appeal).

With respect to appellant's second argument, although the district court's decision to change "yaw" marks to "skid" marks is unorthodox, we note that *appellant* invited this alleged error by initially

---

[8]At oral argument, this court directed appellant to file a supplemental brief identifying where in the record he sought to exclude Officer Richter's deposition testimony in its entirety. In his supplemental brief, appellant primarily relies on a May 1, 2018, order wherein the district court deferred ruling on a portion of appellant's motion in limine. The motion itself is not in the record, and given that Officer Richter's deposition was not taken until May 2, 2018, we find it is implausible that appellant would have sought to exclude Officer Richter's deposition testimony in its entirety before knowing what his testimony would be. *Cf. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (observing that it is a party's responsibility to provide an adequate record for this court's review and that when a portion of the record is missing, "we necessarily presume that the missing portion supports the district court's decision"). Appellant secondarily relies upon portions of the trial transcript wherein he purportedly asked the district court to exclude Officer Richter's deposition testimony in its entirety. Having reviewed those portions of the transcript, we cannot discern any statements therein from which the district court could have reasonably believed that appellant was seeking to exclude Officer Richter's deposition testimony in its entirety.

proposing that "yaw" marks be changed to "tire" marks. *See Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) ("The doctrine of invited error embodies the principle that a party will not be heard to complain on appeal of errors which he himself induced or provoked the court . . . to commit." (internal quotation marks omitted)). In any event, appellant has not explained how changing Officer Richter's singular mention of "yaw" marks to "skid" marks had any bearing on the outcome of the 13-day trial, much less how that bearing prejudiced appellant. Accordingly, the district court did not commit reversible error in allowing Officer Richter's deposition testimony to be read to the jury or in changing "yaw" marks to "skid" marks.

*The district court was within its discretion in finding that alleged juror bias did not warrant a new trial*

After the jury rendered its verdict, counsel for both parties and the district court spoke with some of the jurors regarding their thoughts on the trial. During this discussion, one of the jurors (Yasmin) stated that another juror (DeLois) had made a comment during jury deliberations regarding appellant's sexual orientation. Thereafter, appellant moved for a new trial, providing affidavits from his attorneys wherein they attested that Yasmin had interpreted DeLois's comment to mean that because appellant is gay, he does not deserve any money. The district court denied appellant's motion based on its own recollection of how Yasmin had described DeLois's comment, which differed from appellant's attorneys' recollection, in that the district court recalled that DeLois's comment "was only stated with respect to life expectancy in relation to the award of future medical care damages" but did not actually express hostility or a bias against appellant.

We conclude that the district court was within its discretion in denying appellant's motion. *See Maestas v. State*, 128 Nev. 124, 138, 275

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d 74, 83 (2012) (reviewing for an abuse of discretion a district court's denial of a new trial based on allegedly concealed juror bias). In particular, the district court was within its discretion to rely on the accuracy of its own recollection of how Yasmin described DeLois's comment over the recollections that appellant's attorneys' provided in their affidavits.[9] Accordingly, any alleged concealed juror bias does not warrant a new trial.

*The district court was within its discretion in finding that alleged attorney misconduct did not warrant a new trial*

During opening statements, respondent's counsel displayed one of appellant's medical records on a TV monitor. The record had a highlighted "cc" to appellant's counsel, which, when combined with the date of the medical record, could have enabled the jury to determine the date by which appellant had retained counsel. After the jury rendered its verdict, juror Yasmin had a conversation with appellant's counsel wherein she indicated that another juror (Laura) had noticed the highlighted medical record, sought out the document during jury deliberations, and then used it to convince some undecided jurors that appellant's case was attorney-driven and to vote in favor of respondent.

In appellant's motion for a new trial, appellant argued that respondent's counsel had committed misconduct by putting the above-mentioned document with the highlighted cc on a TV screen during opening statements despite the district court having granted a pretrial motion in limine prohibiting respondent's counsel from mentioning to the jury when

---

[9]While we agree with appellant that an affidavit directly from Yasmin was not necessary to establish the accuracy of what DeLois said, the district court was within its discretion to find that the absence of such an affidavit weighed in favor of its own recollection being the most accurate available recollection.

 

appellant retained counsel. The district court denied the motion, summarily concluding that respondent's counsel had not committed misconduct and, alternatively, that any alleged misconduct did not warrant a new trial under this court's standard for unobjected-to attorney misconduct. *See Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 981-82 (2008) (holding that unobjected-to attorney misconduct warrants a new trial only when "no other reasonable explanation for the verdict exists") (internal quotation marks omitted).

We conclude that the district court was within its discretion in denying appellant's new trial motion based on alleged attorney misconduct. *See id.* at 20, 174 P.3d at 982 (reviewing for an abuse of discretion a district court's denial of a new trial based on alleged attorney misconduct). Preliminarily, we agree with the district court's conclusion that respondent's counsel did not commit misconduct, as he did not *mention* when appellant retained counsel, and thereby did not technically violate the district court's pretrial order.[10] *Id.* (reviewing de novo whether an attorney has committed misconduct). Moreover, we agree with the district court's conclusion that that there was another reasonable explanation for the verdict, *see id.* at 19, 174 P.3d at 981-82, in that the jury could have believed

---

[10]We are troubled, however, that respondent's counsel has never denied improperly highlighting the cc line on appellant's medical record.

the evidence indicating that appellant's injuries predated the accident or the evidence suggesting that appellant was at fault for the accident. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Adriana Escobar, District Judge
John Walter Boyer, Settlement Judge
Bighorn Law/Las Vegas
Claggett & Sykes Law Firm
Hansen & Hansen, LLC
Eighth District Court Clerk