NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BARBARA ANN HORTON, *Petitioner/Appellee*,

*v.*

STEPHEN MARK HORTON, *Respondent/Appellant*.

No. 1 CA-CV 25-0363 FC

FILED 01-12-2026

Appeal from the Superior Court in Maricopa County
No. FN2020-051188
The Honorable Julie Ann Mata, Judge

**AFFIRMED**

COUNSEL

J. Douglas McVay Attorney at Law, Phoenix
By J. Douglas McVay
*Counsel for Respondent/Appellant*

Alexander Arpad Attorney at Law, Phoenix
By Alexander R. Arpad
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Andrew M. Jacobs and Judge Michael S. Catlett joined.

_____

**W I L L I A M S**, Judge:

¶1        Stephen Mark Horton ("Husband") appeals the decree dissolving his marriage to Barbara Ann Horton ("Wife"), challenging its spousal maintenance and attorneys' fees provisions. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in 1993 and have three adult children. Wife is a psychiatric nurse practitioner who works as an independent contractor. Shortly after petitioning for dissolution in 2020, Wife was diagnosed with cancer and had surgery. Given the significant risk of recurrence, she receives cancer screening and immunotherapy treatment every six months. Before her cancer diagnosis, Wife worked full-time. Her current contract, however, provides for thirty-two hours a week at $112 an hour with no benefits or paid time off.

¶3        Husband previously worked in commercial and residential construction. He and his brother, Jonathan Horton ("Jonathan"), own Hawaii Technical Environmental Construction Corporation ("HTEC"), a construction company based in Hawaii. Husband is HTEC's president and contractor's license-holder; Jonathan is the vice president. According to Wife, HTEC paid Husband $95,000 in 2019, but she does not know if HTEC paid Husband a salary in 2020 or thereafter.

¶4        Husband suffers from multiple medical conditions and has some cognitive issues. He stopped working in 2018. In 2021, the Social Security Administration found Husband partially disabled and entitled to a monthly benefit. Husband's adult son currently helps manage his medical and financial matters.

¶5        During the dissolution litigation, the parties discovered that Jonathan paid himself substantially more than his share of funds from HTEC. The parties negotiated to recoup the HTEC funds that should have been paid to the community. To resolve the matter, Jonathan offered to pay

Husband $5,000 a month for ten years to maintain his contractor's license with HTEC. Husband refused, and the parties sued Jonathan. Wife later waived her interest in any future settlement and withdrew from the lawsuit. In the civil action, the court granted summary judgment for Jonathan, finding the statute of limitations barred Husband's claims. Nonetheless, at the time of the dissolution trial, Husband and Jonathan were still in settlement discussions.

¶6        The only disputed issues at the dissolution trial were spousal maintenance and attorneys' fees. Husband requested $4,500 a month in indefinite spousal maintenance and attorneys' fees. Wife opposed spousal maintenance, arguing she could not pay spousal maintenance and meet her expenses. She also claimed the settlement offer Husband rejected would have been sufficient to provide for his reasonable needs.

¶7        The superior court found Husband eligible for an award of spousal maintenance under A.R.S. § 25-319(A). Making findings for each relevant factor under A.R.S. § 25-319(B), the court concluded Husband was entitled to an award of $2,750 per month for five years. The court did not award past spousal maintenance and denied both parties' request for attorneys' fees. Although Wife petitioned for dissolution before the Spousal Maintenance Guidelines became effective, the court also completed a spousal maintenance worksheet. *See* A.R.S. § 25-319, Appx., ("Guidelines") (2023)[1] § I.C.1 ("For original dissolution or legal separation petitions filed before September 24, 2022, the Guidelines do not apply unless the parties agree.").

¶8        Husband moved to alter or amend the decree arguing, among other things, the superior court erred by applying the Guidelines to this case and denying his request for attorneys' fees. The court granted other relief but rejected these arguments without comment. Husband timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1) and (2).

---

[1] The 2023 Guidelines were amended in May 2025. *See* A.R.S. § 25-319, Appx., Credits (2025). The amended 2025 Guidelines became effective September 1, 2025. *Id.* Because the petition was filed before that date, we refer to the 2023 Guidelines unless otherwise noted.

## DISCUSSION

### I.  The Superior Court's Reference to the Spousal Maintenance Guidelines Does Not Require Reversal.

**¶9**　　　　The legislature amended the spousal maintenance statute, A.R.S. § 25-319, effective September 24, 2022, directing the Arizona Supreme Court to establish the Guidelines. *See* Guidelines § I.A. The Supreme Court approved the Guidelines in 2023. *Id.* As amended, A.R.S. § 25-319(A) retained the established analytic framework for determining eligibility for an award. *See* Guidelines § I.A ("The criteria for determining whether a spouse is eligible for spousal maintenance under A.R.S. § 25-319(A) did not substantively change."). But the Guidelines changed the analysis to determine the amount and duration of an award. *Id.*

**¶10**　　　　Previously, courts considered only the statutory factors enumerated in A.R.S. § 25-319(B) to determine whether a spouse was entitled to an award and, if so, its amount and duration. *See In re Marriage of Cotter*, 245 Ariz. 82, 85, ¶ 7 (App. 2018).  For cases filed after the effective date of the Guidelines, courts may award support "only for a period of time and in an amount necessary to enable the receiving spouse to become self-sufficient." A.R.S. § 25-319(B). Using the Spousal Maintenance Calculator (available on the Supreme Court's website) to complete a spousal maintenance worksheet, the court enters certain information, which produces an amount range. *See* Guidelines § I.D. The Guidelines also provide standard duration ranges and duration ranges applicable to special circumstances. *See id.* § V.B.2. The non-standard ranges give the court more discretion in determining the duration in unique circumstances. *Id.* § V.B.2.b-d.

**¶11**　　　　In this case, Wife petitioned for dissolution before September 24, 2022, and the parties did not agree to be subject to the Guidelines. Therefore, the Guidelines do not apply. *Id.* § I.C.1.

**¶12**　　　　Pointing to its filing of a spousal maintenance worksheet, *supra* ¶ 7, Husband argues the superior court erroneously applied the Guidelines to determine the amount and duration of his spousal maintenance award. He claims the court "ambushed" the parties by providing no notice it "would decide the maintenance issues under a different set of rules," contending this "inherently prejudicial," structural error requires reversal and retrial.

**¶13**　　　　To be sure, we may presume prejudice in cases of structural error, which is "where the nature of the error deprives a litigant of an

essential right." *Perkins v. Komarnyckyj*, 172 Ariz. 115, 119 (1992). But contrary to his contentions, the superior court's use of the worksheet did not deprive Husband of an essential right or otherwise deny him due process.

**¶14** Due process requires "an opportunity to be heard at a meaningful time and in a meaningful manner" and "an opportunity to confront and cross-examine adverse witnesses." *Volk v. Brame*, 235 Ariz. 462, 468, 469, ¶¶ 20, 24 (App. 2014) (citation modified). Even then, "[d]ue process errors require reversal only if a party is thereby prejudiced." *Id.* at 470, ¶ 26.

**¶15** Here, Husband has not shown how he would have litigated the spousal maintenance issue differently had he known, before trial, the superior court may consult the Guidelines. The issues are the same under the previous caselaw and the Guidelines—the parties' income and resources and the amount and duration of an award—and the parties fully litigated these issues at trial. To be clear, the factors guiding the court's discretion under the Guidelines are not substantively different from the pre-Guideline analysis for determining the duration of an award. *Compare* A.R.S. § 25-319(B)(1)-(13) and *Rainwater v. Rainwater*, 177 Ariz. 500, 503 (1993) (recognizing a transition toward independence is one goal of spousal maintenance but the court must also consider whether an indefinite award is appropriate when self-sufficiency is unlikely), *with* Guidelines § V.C.1-9 (listing factors relevant to determining duration of an award).

**¶16** As outlined in the decree, the superior court made specific findings under A.R.S. § 25-319(B) and exercised its discretion to determine the duration of the award based on those statutory factors. The court considered Husband's disability against Wife's ability to meet her needs while paying support, and expressed concern about Wife's ability to pay support for a longer term given her age, lack of retirement assets, and health history. Although some of the court's findings on this point overlap with the worksheet, they are more fully outlined in the decree. For example, the court found that, historically, the parties were unable to pay all their expenses on Wife's income; Wife's income decreased after her cancer treatment in 2020; Wife still receives treatment to prevent a relapse; there is a 25% chance of a relapse; Wife has no retirement or pension; Husband is the current president of HTEC, which pays for his health insurance; Husband is engaged in ongoing settlement negotiations with HTEC; and Wife waived her interest in that claim. By making a fixed-term award, the court exercised its discretion to place the burden of seeking modification on Husband. *See Rainwater*, 177 Ariz. at 504-05.

**¶17** We also reject Husband's argument that the Guidelines so fundamentally changed the spousal maintenance analysis that use of the worksheet was inherently prejudicial. The Guidelines may have a greater impact in cases where the standard duration range applies because the courts have less discretion. But here, the worksheet did not refer to the standard duration range. Instead, the court found that the Rule of 65 applied and that Husband had a permanent disability. Therefore, the court still exercised its discretion in determining the duration of the award despite using the worksheet. On this record, Husband has shown no prejudice. *See Beaumont v. Beaumont*, 1 CA-CV 23-0555 FC, 2024 WL 4563249, at *4, ¶ 17 (Ariz. App. Oct. 24, 2024) (mem. decision) (holding in a pre-Guideline case that the court's reference to the Guidelines for comparison was not error).[2]

## II. The Superior Court Did Not Abuse its Discretion in Denying Husband's Request for Attorneys' Fees.

**¶18** Husband also argues he was entitled to an award of attorneys' fees at trial because Wife unreasonably opposed any spousal maintenance award. We review the superior court's attorneys' fees ruling for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

**¶19** Wife objected to Husband's request for spousal maintenance, arguing he unreasonably rejected Jonathan's settlement offer. Had he accepted that offer, Wife contends Husband would not need spousal maintenance. Moreover, Wife contends his refusal to settle that matter unnecessarily prolonged the dissolution action. Even though the parties' adult son had some legitimate reservations about the settlement offer, we cannot say the court abused its discretion in finding Wife's position was reasonable. Moreover, Wife's position that she could not meet her own expenses and pay spousal maintenance was also reasonably based on the evidence and A.R.S. § 25-319(B)(4). Thus, we see no abuse of discretion.

### ATTORNEYS' FEES AND COSTS ON APPEAL

**¶20** Both parties request an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. Wife characterizes Husband's structural error argument as frivolous and asserts the opening brief lacked an adequate statement of facts, requiring her to do more work. After considering the

---

[2] Under Arizona Rule of the Supreme Court 111(c)(1)(C), memorandum decisions issued after January 1, 2015, may be cited "for persuasive value" if no published opinion adequately addresses the issue.

parties' financial resources and the reasonableness of their positions, in our discretion, each party shall bear its own attorneys' fees on appeal. However, Wife is entitled to her reasonable costs on appeal under A.R.S. § 12-342(B).

## CONCLUSION

**¶21**  We affirm the spousal maintenance and attorneys' fees orders in the decree.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR