NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KELDRICK JAMAL BLACK, *Appellant.*

No. 1 CA-CR 14-0110
FILED 8-27-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-000305-002
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

Keldrick Jamal Black, Florence
*Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

**T H U M M A**, Judge:

**¶1**      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Keldrick Jamal Black has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Black was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Black's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**      Black was charged by Indictment with first degree murder, a Class 1 dangerous felony (Count 1); armed robbery, a Class 2 dangerous felony (Count 2); two counts of kidnapping, Class 2 dangerous felonies (Counts 3 and 4); aggravated assault, a Class 3 dangerous felony (Count 5) and misconduct involving weapons, a Class 4 felony (Count 6). These charges arose from a December 2011 shooting. In September 2013, Black pled guilty to Count 6 and trial proceeded on Counts 1 through 5. The State made various pre-trial filings, including allegations of aggravating circumstances, historical prior felony convictions and commission of the offenses while on release.

**¶3**      Black moved to sever trial of a co-defendant's case, which the superior court granted. Pursuant to *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), Black also requested an evidentiary hearing, challenging the anticipated testimony of three eyewitnesses who identified Black as the shooter. After that evidentiary hearing, the superior court found the pre-

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inference against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

trial procedures were not unduly suggestive and that three witnesses could testify at trial that Black was the shooter.

¶4          At trial, the State presented testimony from more than 20 witnesses, including eyewitnesses and expert testimony, as well as surveillance video and exhibits. The evidence showed that the victim, G.P., was shot and killed outside a club after his necklace was taken from him.[2] After the shooting, two males forced their way into the car of E.L. and S.R. and made them drive to a location some distance from the club. When the males left the car, E.L. and S.R. returned to the club and were interviewed by the police. E.L. identified Black from a photo-lineup as one of the men who forced his way into the car. E.L. also identified Black as the shooter during her trial testimony. S.R., when given an identical photo-lineup shortly after the shooting, put her initials next to Black's photo and another photo; she was not able to identify Black in open court but identified a picture of him taken after his arrest as being one of the individuals who forced his way into the car. V.C., during a one-on-one identification shortly after the shooting, identified Black as being one of the shooters and identified Black in open court.

¶5          Police officers testified that, hours after the shooting, a vehicle was pulled over and three of the six occupants matched descriptions of the shooting suspects. The police performed gunshot residue tests on all three suspects, which detected particles "indicative of gunshot residue." All three suspects were taken into custody for questioning.

¶6          During trial, the defense sought to elicit from T.W. testimony that Black's former co-defendant, Robert Baker, had admitted to shooting G.P. The superior court ruled Baker's proffered testimony that he had "snatched" a man's chain and then shot him was admissible as a statement against penal interest, and T.W., a witness who overheard the statement, testified to that statement. *See* Ariz. R. Evid. 804(b)(3)(2015).[3] Relying on Arizona Rule of Evidence (Rule) 806, the State then sought to introduce rebuttal testimony that Baker told Detective Weiss in an interview that Black had the gun after arguing with the victim. Over Black's objection, Baker's statements to the detective were admitted to impeach the credibility of Baker's prior statement to T.W. pursuant to Rule 806. The superior court

---

[2] Initials are used to protect the victims' and witness' privacy. *See State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

gave limiting instructions regarding this testimony, both immediately after the testimony and in final jury instructions.

¶7         After the close of the State's case, Black moved for a judgment of acquittal, which the superior court denied. The defense video expert, Bryan Neumeister, testified about the surveillance video of the shooting and enhancements he performed on the video. The State called Brewster Rolland-Keith as a rebuttal expert. Rolland-Keith testified that Neumeister's enhancement of the surveillance video can create "ghosts" that were not present in the original video.

¶8         After final jury instructions and closing arguments, the jury deliberated and found Black guilty as charged. The jury also found the aggravating circumstances of dangerousness, use of a gun, presence of an accomplice and commission of the crime while on release on Counts 1 through 5. The jury found the aggravating circumstance of pecuniary gain on Counts 1, 2 and 5 and threatened physical injury on Counts 2 and 5. The jury also found Count 6, to which Black had pled guilty, was committed while on release.

¶9         Before sentencing, Black unsuccessfully moved for a new trial, claiming he was denied a fair trial when the superior court admitted Baker's statements to Detective Weiss. The superior court found that Black had two historical felony convictions. The superior court then sentenced Black to a term of life in prison without the possibility of release for 25 calendar years on Count 1. The superior court sentenced Black to aggravated terms of 30 years of imprisonment on Count 2, 17.75 years on each Count 3 and 4, 13.25 years on Count 5, and 12 years on Count 6, with all sentences to be served concurrently. Black properly was given 763 days of presentence incarceration credit.

¶10         This court has jurisdiction over Black's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶11         This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief, and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows that Black was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The evidence

admitted at trial constitutes substantial evidence supporting Black's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed are within the statutory limits and permissible ranges.

¶12           Black raises several arguments in his pro se supplemental brief in support of his argument that the superior court erred in denying his motion for a new trial. This court reviews the denial of a motion for new trial for an abuse of discretion and discusses Black's arguments in turn. *See State v. Spears*, 184 Ariz. 277, 287, 908 P.2d 1062, 1072 (1996).

## I.      The Superior Court Did Not Violate Black's Confrontation Clause Rights.

¶13           Black argues that his right to confront and cross-examine witnesses was violated when the superior court admitted Baker's statements to Detective Weiss. Although a ruling on the admissibility of evidence is reviewed for an abuse of discretion, this court reviews Confrontation Clause issues de novo. *See State v. Bronson*, 204 Ariz. 321, 324 ¶ 14, 63 P.3d 1058, 1061 (App. 2003).

¶14           At trial, Black sought to introduce, through T.W., Baker's statements that Baker "snatched" the chain and shot the victim. In response, the State took the position that "[i]f the defense elicits any statements from any of these folks under the prior inconsistent – or statements against penal interest, Your Honor, they should be prepared that the State is allowed to present evidence of other statements that they have made pursuant to Rule 806" and specified which statements the State would then seek to introduce. Noting the State's position, the superior court observed to defense counsel, "[s]o you're at your peril. And the choice is yours."

¶15           Notwithstanding this exchange, defense counsel elected to elicit the testimony from T.W. Pursuant to Rule 806, the State then introduced Baker's statements to Detective Weiss that he had seen Black with the gun after the shooting. When a hearsay statement is admitted in evidence, the declarant's credibility may be attacked "by any evidence that would be admissible for those purposes if the declarant had testified as a witness.  The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had the opportunity to explain or deny it." Ariz. R. Evid. 806. "The express purpose of Rule 806 is to allow a party to attack the 'credibility' of the hearsay declarant." *State v. Huerstel*, 206 Ariz. 93, 104 ¶ 42, 75 P.3d 698, 709 (2003) (citation omitted). Black argues the admission of

Baker's statements violated his right to confront and cross-examine witnesses.

**¶16**      The Confrontation Clause of the Sixth Amendment to the U.S. Constitution "protects the right to a fair trial by requiring that the defendant have an opportunity to confront any witness who testifies against him." *Huerstel*, 206 Ariz. at 102 ¶ 29, 75 P.3d at 707 (citation omitted). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). To satisfy the Confrontation Clause, the superior court "must instruct the jury as to the limited purpose for which [non-testifying codefendant's] statement is introduced." *Huerstel*, 206 Ariz. at 104 ¶ 42, 75 P.3d at 709.

**¶17**      After admitting Detective Weiss' rebuttal testimony, the superior court gave a limiting instruction informing the jurors "[t]his evidence has been admitted only for the limited purpose of determining the credibility of the statements made by Mr. Baker" to T.W. and that the jurors "may only use that evidence and consider that evidence for that limited purpose of determining his credibility, not for any other purpose." The court gave a similar admonition in final instructions, stating the jury could only "consider Robert Baker's statements to Detective … Weiss for the very limited purpose to determine the credibility of Robert Baker's prior hearsay statement to [T.W.], and not as evidence of Keldrick Black's guilt." Black has not argued that these limiting instructions were inadequate and the jury is presumed to have followed the instructions. *Elliott v. Landon*, 89 Ariz. 355, 357, 362 P.2d 733, 735 (1961). Moreover, given the limited purpose for which the rebuttal testimony was admitted and the limiting instructions given, there was no error in admitting this evidence. *See State v. Ruggiero*, 211 Ariz. 262, 266–67 ¶¶ 17–21, 120 P.3d 690, 694–95 (App. 2005) (finding admission of rebuttal testimony for limited use was authorized under Rule 806).

**¶18**      Black also argues the superior court failed to properly assess the admissibility of Baker's statements under Rule 403. This court will reverse such a ruling only for an abuse of discretion. *See State v. Roscoe*, 184 Ariz. 484, 493, 910 P.2d 635, 644 (1992). Although Baker's statements implicated Black as the shooter, the superior court heard argument on the admissibility of the statements and put defense counsel on notice of the consequences. Moreover, because Black has shown no error, the court need not further address whether the ruling constituted fundamental error resulting in prejudice. *See State v. Alvarez*, 213 Ariz. 467, 473 ¶ 20, 143 P.3d 668, 674 (App. 2006) ("Finding no error in the court's evidentiary ruling, we need not address whether any alleged error was fundamental and

prejudicial."); *State v. Henderson*, 210 Ariz. 561, 568 ¶ 23, 115 P.3d 601, 608 (2005) (similar).

**¶19**     Finally, Black argues he should have been able to admit several of Baker's other statements to show that Baker was unreliable, biased or to complete the story. This court reviews such rulings on the admission of evidence for an abuse of discretion. *See State v. Boggs*, 218 Ariz. 325, 334 ¶ 38, 185 P.3d 111, 120 (2008). When the superior court precluded defense counsel from eliciting Baker's statements, it found Baker's statements to T.W. "were hearsay statements that were brought in under [Rule] 804.3" and that there was no exception to the rule against hearsay that would allow the admission of any of the additional statements to Detective Weiss. On appeal, Black has not shown such an exception and, accordingly, has not shown error. *See Boggs*, 218 Ariz. at 334 ¶ 38, 185 P.3d at 120.

## II.     The Superior Court Did Not Improperly Limit Black's Defense.

**¶20**     Black argues the superior court improperly limited his defense in several ways. Black argues the preclusion of Neumeister's testimony of the movement and number of figures in the surveillance video was error, an issue this court reviews for an abuse of discretion. *See Boggs*, 218 Ariz. at 334 ¶ 38, 185 P.3d at 120. As applicable here, the test for preclusion of expert testimony "is whether the subject of inquiry is one of such common knowledge that people of ordinary education could reach a conclusion as intelligently as the witness . . . ." *State v. Owens*, 112 Ariz. 223, 227, 540 P.2d 695, 699 (1975).

**¶21**     During a pre-trial hearing, Neumeister testified that he did not use anything other than his eyes to track the movement of objects within the surveillance video. Neumeister also testified he never visited the crime scene and never looked at any crime scene photographs to note available light at the scene at the time of the shooting. As a result, Neumeister provided no specialized knowledge on the lighting conditions at the time of the shooting. Accordingly, the superior court ruled that Neumeister could not tell jurors what he saw on the video nor testify whether certain objects were shadows or bodies. Neumeister was allowed, however, to testify about how he enhanced the video and defense counsel was allowed to direct the jurors' attention to specific locations as the video was being played. Black has not shown how the court abused its discretion in this ruling.

¶22        Black also argues the superior court erred in not allowing Neumeister to testify in surrebuttal. "Because trial courts must be able to limit the presentation of witnesses and other evidence on collateral issues, only rarely will a trial court abuse its discretion in denying surrebuttal." *State v. Hausner*, 230 Ariz. 60, 79–80 ¶ 82, 280 P.3d 604, 623–24 (2012). Here, Black requested surrebuttal after the State's expert testified he saw two figures as opposed to a single figure and a shadow; the superior court did not allow Neumeister to testify in surrebuttal. However, the court noted "factually that additional foundation was laid for this opinion by [the State's] expert and that testimony was that he was able to show that the quote 'shadow' blocks out the light source and that's something Mr. Neumeister never made the connection with." Black fails to address how Neumeister would have gained the knowledge required under Rule 702 to provide that opinion when he failed to do so during the pretrial hearing. Accordingly, Black has not shown that the superior court abused its discretion in precluding Neumeister from providing surrebuttal testimony.

## III.    The Superior Court Did Not Err In Admitting Certain Evidence.

¶23        Black argues the superior court erred in admitting various evidence. This court reviews the superior court's rulings on the admission of evidence for an abuse of discretion. *See Boggs*, 218 Ariz. at 334 ¶ 38, 185 P.3d at 120.

### A.    Photo-Lineup.

¶24        Black argues the photo-lineup that was admitted into evidence was unduly suggestive. "[A] lineup does not require individuals of absolute identical dress, size and physical characteristics." *State v. Dessureault*, 104 Ariz. 380, 383, 453 P.2d 951, 954 (1969). Here, at a pretrial evidentiary hearing, the superior court reviewed the interviews and evidence presented and found the identification procedures were not unduly suggestive. The court noted that the photo-lineups were not unduly suggestive on their own, all photos presented males who looked similar to Black and the officers read from the standard identification card when presenting the photos to S.R. and E.L. Black has not shown that this ruling was erroneous.

### B.    Handgun And Necklace Evidence.

¶25        Black challenges the admission into evidence of two handguns, which had been excluded as the murder weapon, claiming the evidence was not relevant and was unfairly prejudicial. No timely objection was made at trial, meaning this court's review on appeal is limited to

fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19-20, 115 P.3d 601, 607 (2005). "Accordingly, [Black] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted). One gun was found in Black's vehicle and the other was found at a residence the police searched that was connected to Black based on the State's case. Black has not shown that the superior court erred in admitting this evidence under Rule 403 or how any error caused him prejudice. *See Boggs*, 218 Ariz. at 334 ¶ 38, 185 P.3d at 120.

**¶26** Black also argues that, over his objection, a necklace allegedly belonging to G.P. was admitted into evidence, even though there was insufficient chain of custody, identification and authentication for the necklace. During trial, E.L. testified that she went directly back to the club after the two males exited her car. The police processed her car that same day and E.L. then had the car cleaned the next day. After the car was cleaned, E.L. discovered the necklace in the back seat. E.L. returned the necklace to the victim's family, who confirmed that it was G.P.'s necklace. The next day, the family gave the necklace to the police. A detective impounded the necklace. When admitted at trial, there was no indication the condition of the necklace (which is a non-fungible item) was materially different than on the night of the shooting. Given this evidence, Black has not shown that the superior court erred in admitting the necklace into evidence. *See Boggs*, 218 Ariz. at 334 ¶ 38, 185 P.3d at 120.

### C. Inconsistent Evidence.

**¶27** Black argues that inconsistent testimony and other evidence undermines his convictions. "[I]nconsistencies in witness testimony go not to the admissibility of testimony, but rather to the credibility of the witnesses and the weight to be accorded to the evidence, which are issues for the jury to resolve." *State v. Rivera*, 210 Ariz. 188, 192 ¶ 20, 109 P.3d 83, 87 (2005). Here, the jury resolved any alleged inconsistencies in the evidence, as was its prerogative, *see Rivera*, 210 Ariz. at 192 ¶ 20, 109 P.3d at 87, yet found Black guilty as charged. Black has not shown error on this basis.

### IV. Sufficiency Of The Evidence.

**¶28** Black argues there was insufficient evidence to show that he committed the crimes and there was no direct physical evidence tying him to the shooting. This court will not reverse a defendant's conviction for

insufficiency of the evidence unless there is no substantial evidence to support the jury's verdict. *See State v. Scott*, 187 Ariz. 474, 477, 930 P.2d 551, 554 (App. 1996). Here, among other evidence, along with bullet casings found at the scene, three witnesses identified Black as the shooter who got into the car of E.L. and S.R. Moreover, Black was found to have residue "indicative" of gunshot residue on his hands. On this record, there is substantial evidence to support the jury's verdicts. *See Scott*, 187 Ariz. at 477, 930 P.2d at 554.

**V.     Black Has Not Shown Juror 24 Could Not Render A Fair And Impartial Verdict.**

**¶29**        Black argues that the fact that the judge presided over a trial where Juror 24 had been the victim was improper. Black also argues that because Juror 24 was the victim of an aggravated assault, which was similar to one of the charges here, Juror 24 could not have been fair and impartial. Because Black did not object to Juror 24 serving on the jury, review is limited to fundamental error. *See* Ariz. R. Crim. P. 21.3(c).

**¶30**        During voir dire, Juror 24 admitted he was the victim of a crime where the same superior court judge presided over the trial. The court asked "[a]nd you believe you could still be fair and impartial?" and Juror 24 replied, "[o]h, yes." A court must dismiss a juror for cause when "there is reasonable ground to believe that a juror cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.4(b); *State v. Lavers*, 168 Ariz. 376, 390, 814 P.2d 333, 347 (1991). However, if the juror assures the court that he or she can be fair and impartial, the juror need not be excused. *State v. Reasoner*, 154 Ariz. 377, 384, 742 P.2d 1363, 1370 (App. 1987). Black has not offered any evidence that Juror 24 could not be fair and impartial and, accordingly, has failed to establish error, let alone fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19-20, 115 P.3d 601, 607 (2005). Moreover, although Black lists juror misconduct generally in his pro se supplemental brief, he makes no particular argument regarding any alleged juror misconduct and, from the record, this court can find none.

**VI.     Black Has Not Shown Prosecutorial Misconduct.**

**¶31**        A claim of prosecutorial misconduct warrants reversal only if "(1) misconduct is indeed present and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Moody*, 208 Ariz. 424, 459 ¶ 145, 94 P.3d 1119, 1154 (2004) (citation omitted). Black argues that because S.R. was unable to identify him in open court, the prosecutor should not have stated during

closing arguments that S.R. identified him. However, S.R. did identify Black in the photo-lineup by putting her initials next to his picture. S.R. also identified the picture of Black taken after his arrest as being the person who got in the car the night of the shooting. Black further argues several other instances of alleged misconduct, none of which rise to the level of misconduct. On this record, Black has not shown that the prosecutor engaged in misconduct or that any alleged misconduct could have affected the jury's verdict. *See Moody*, 208 Ariz. at 459 ¶ 145, 94 P.3d at 1154.

## VII. The Other Issues Black Seeks To Raise Do Not Warrant A New Trial.

¶32        In his pro se supplemental brief, Black attempts to raise several other issues that he argues warrant a new trial. Black contends the lack of a pretrial settlement conference was unfair. However, "a criminal defendant has no constitutional right to plea bargain" and, thus, the lack of a pretrial settlement conference was not error. *State v. Donald*, 198 Ariz. 406, 413 ¶ 14, 10 P.3d 1193, 1200 (App. 2000) (citations omitted).

¶33        Black also argues malicious prosecution, misidentification and defamation of character. Black fails to support these arguments with any specificity and the record does not support these arguments. Black also argues ineffective assistance of trial counsel, a claim that can only be raised in post-conviction proceedings, not on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007). None of the issues Black raises show the superior court erred in denying his motion for new trial. *See State v. Spears*, 184 Ariz. 277, 287, 908 P.2d 1062, 1072 (1996).

## CONCLUSION

**¶34** This court has read and considered counsel's brief and Black's pro se supplemental brief, and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Accordingly, Black's convictions and resulting sentences are affirmed.

**¶35** Upon the filing of this decision, defense counsel is directed to inform Black of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Black shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama